J-S46020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| YAKOUB SMITH | |
| Appellant | No. 3450 EDA 2015 |

Appeal from the PCRA Order October 29, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0400016-1992

BEFORE: BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED JULY 11, 2016**

Yakoub Smith appeals *pro se* from the order entered October 29, 2015, in the Court of Common Pleas of Philadelphia County, that dismissed as untimely his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. Smith seeks relief from the judgment of sentence of life imprisonment imposed on September 12, **1994**, after he was convicted by a jury of murder in the first degree, robbery, possession of an instrument of crime and criminal conspiracy.[1] On appeal, Smith claims the trial court (1) "erred in not correcting an illegal sentence that was rendered in violation of Pa.R.Crim.P. 225(d) [now Pa.R.Crim.P. 560]," and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502, 3701, 907 and 903, respectively.

(2) "abandoned the specific/general rule." Smith's Brief at vi. Based upon the following, we affirm.

The relevant facts and procedural history are as follows. On February 27, 1992, Smith participated with a number of co-conspirators to rob Mitchell Thompson (the victim). During the course of the robbery, Smith fatally shot the victim. On July 9, 1993, Smith was convicted by a jury of the above stated offenses. A penalty hearing followed, and the jury verdict was life imprisonment. Post-trial motions were denied, and, on September 12, 1994, the trial court sentenced Smith to life imprisonment. On August 10, 1995, this Court affirmed the judgment of sentence, and, on April 12, 1996, the Pennsylvania Supreme Court denied Smith's petition for allowance of appeal. **Commonwealth v. Smith**, 668 A.2d 1198 (Pa. Super. 1995) (unpublished memorandum), *appeal denied*, 672 A.2d 307 (Pa. 1996). Smith did not seek discretionary review with the United States Supreme Court.

On September 30, 1996, Smith filed a timely *pro se* PCRA petition and counsel was appointed. Counsel subsequently submitted a petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court denied Smith's petition without a hearing on October 21, 1997, and granted counsel's petition to withdraw. This Court affirmed the order denying post-conviction relief on July 14, 1999, and the Pennsylvania

Supreme Court denied allowance of appeal on December 14, 1999. **See**

**Commonwealth v. Smith**, 742 A.2d 1152 (Pa. Super. 1999) (unpublished

memorandum), *appeal denied*, 749 A.2d 470 (Pa. 1999).

On August 11, 2010, Smith filed a *pro se* "Petition for Writ of Habeas

Corpus *Ad Subjiciendum*." The court treated the petition as a PCRA petition

and, by order dated August 10, 2011, dismissed the petition. On June 26,

2012, this Court affirmed the PCRA court's dismissal order and, on

December 4, 2012, the Pennsylvania Supreme Court denied allowance of

appeal. **Commonwealth v. Smith**, 53 A.3d 940 (Pa. Super. 2012)

(unpublished memorandum), *appeal denied*, 57 A.3d 70 (Pa. 2012).[2]

On June 23, 2015, Smith filed the present petition, his third. On

December 11, 2015, following Pa.R.Crim.P. 907 notice of intent to dismiss,

the PCRA court dismissed the petition on the basis of untimeliness. This

appeal followed.[3]

On appeal, Smith contends he was illegally sentenced because the trial

court lacked subject matter jurisdiction when sentencing him to first degree

---

[2] This Court determined Smith's judgment of sentence became final on July 11, 1996, and the PCRA one-year time limitation expired on July 11, 1997. **See Commonwealth v. Smith**, 53 A.3d 940 (Pa. Super. 2012) (unpublished memorandum, at 2, 8).

[3] The PCRA court did not order Smith to file a Pa.R.A.P. 1925(b) statement.

murder where the indictment did not specify a degree of murder. ***See***

Smith's Brief at viii.

Our standard of review is well settled:

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Walters***, ___ A.3d ___, ___ [2016 Pa. Super. LEXIS 114; 2016 PA Super 42] (Pa. Super. February 19, 2016) (citation omitted).

Upon our review of the record, the parties' briefs, and the relevant statutory and case law, we agree with Honorable Jeffrey P. Minehart that the petition is untimely under the PCRA, and conclude that further elaboration by this Court is unnecessary in light of Judge Minehart's well-reasoned analysis. Accordingly, we adopt his discussion as dispositive of this appeal, as follows:

> [Smith's] sentence became final in 1996.[2] After a conviction
>
> _____
>
> [2] Because the instant petition is not [Smith's] first, the one-year grace period provided in the 1996 amendments to the PCRA "does not apply to second or subsequent petitions, regardless of when the first petition was filed." *Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002), appeal denied, 573 Pa. 703, 827 A.2d 429 (2003).
>
> _____
>
> becomes final, a petitioner has one year to file a post conviction petition. Therefore, [Smith's] June 23, 2015 petition was untimely unless it properly invoked one of the exceptions to the

one-year limitation. The three exceptions as enumerated in 42 Pa.C.S.A. §9545 (b)(1)(i)-(iii) are:

(i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

The P.C.R.A.'s time limit is jurisdictional. **Commonwealth v. Yarris**, 731 A.2d 581 ([Pa.] 1999). **Commonwealth v. Peterkin**, 722 A.2d 638, 641 ([Pa.] 1998). Thus, an untimely petition may not be addressed simply because it is couched in terms of ineffectiveness. **Peterkin**, 722 A.2d at 643. Moreover, to successfully invoke one of these exceptions a petitioner must plead and then prove that an exception to the time for filing the petition set forth at 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. 42 Pa.C.S. § 9545(b)(2); **Commonwealth v. Bennett**, 930 A.2d 1264, 1272 n.11 (Pa. 2007); **Commonwealth v. Crews**, 863 A.2d 498, 501 (Pa. 2004). Finally, a PCRA petitioner must present his claimed exception within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the PCRA court has no jurisdiction to address the substantive merits of a petitioner's PCRA claims." **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 ([Pa.] 2000).

[Smith] claims the trial court lacked jurisdiction to sentence him to a specific degree of murder when the indictment stated murder, generally. Our Supreme Court has ruled that "although

legality of sentence is always subject to review within the PCRA, [such] claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 ([Pa.] 1999)[.] The Superior Court has stated: "[T]hus, although the issue is considered incapable of being waived, this fact does not mean that the matter can be addressed at any time during the length of the sentence. Action to correct a defect must still be taken within one year of the date the judgment of sentence becomes final for purposes of the PCRA." ***Commonwealth v. Grafton***, 928 A.2d 1112, 1114 (Pa. Super. 2007).[3]

---

[3] In any event, the correct charge is murder, generally, as the degree of murder is determined based on the evidence produced at trial.

---

In sum, [Smith] failed to demonstrate that government officials obstructed the presentation of his claims; failed to offer after-discovered evidence which was previously unknown to him and could not have been obtained by the exercise of due diligence; and has not alleged a violation of a constitutional right recognized after the one-year limitation and held to apply retroactively.

Accordingly, for all the foregoing reasons, [Smith's] petition was properly dismissed as untimely[.]

PCRA Court Opinion, 12/11/2015, at 2–4 (unnumbered).

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2016