J-S64019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| CHRISTOPHER SINGLETARY | |
| Appellant | No. 382 EDA 2016 |

Appeal from the PCRA Order January 7, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0729881-1993

BEFORE:  STABILE, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED OCTOBER 05, 2016**

Appellant, Christopher Singletary, appeals *pro se* from the order denying his fifth petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  The PCRA court denied relief on the basis that Appellant's petition was untimely, and therefore not within its jurisdiction.  Upon review, we affirm.

On April 4, 1994, a jury convicted Appellant of robbery, burglary, conspiracy, and violation of the Uniform Firearms Act, 18 Pa.C.S. §§ 6101-6126.  On February 7, 1995, the trial court sentenced Appellant to an aggregate 47½ to 95 years' incarceration.  In imposing the sentence, the trial court relied in part on the mandatory minimum sentence prescribed for

_____

[*] Former Justice specially assigned to the Superior Court.

firearms violations in the Sentencing Code, 42 Pa. C.S. § 9712(a). The

PCRA court summarized the subsequent procedural history as follows:

> On January 19, 1996, following a direct appeal, the Superior Court affirmed the judgment of sentence. [Appellant] did not seek an allowance of appeal in the Pennsylvania Supreme Court.
>
> On September 13, 1996, [Appellant] filed his first timely *pro se* PCRA petition and counsel was appointed. On September 3, 1998, the PCRA court denied his petition. On March 31, 2000, the Superior Court affirmed the denial of relief. The Pennsylvania Supreme Court denied *allocatur* on July 25, 2000.
>
> Over the next twelve years, [Appellant] submitted three additional petitions for collateral relief, all of which were denied as meritless or untimely. On July 30, 2015, [Appellant] filed the instant *pro se* PCRA petition, his fifth. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served notice of the lower court's intention to dismiss his petition on November 24, 2015. On January 7, 2016, the PCRA court dismissed his petition as untimely. On January 29, 2016, the instant notice of appeal was timely filed to the Superior Court.

PCRA Court Opinion, 2/23/16, at 1-2 (footnotes omitted).

In his current petition, his fifth, Appellant argues that his sentence

pursuant to the mandatory minimum requirements in Section 9712 of the

Sentencing Code was unconstitutional and "illegal." The PCRA court

dismissed Appellant's petition on the ground that it was untimely and outside

of the enumerated statutory exceptions to the PCRA's jurisdictional time bar.

*Id.* at 2.

On appeal, Appellant presents the following issue:

AS THE PENNSYLVANIA SUPERIOR AND SUPREME COURTS HAVE FOUND SECTION 9712 TO BE FACIALLY UNCONSTITUTIONAL IN ITS ENTIRETY, IS THE APPELLANT ENTITLED TO RELIEF FROM HIS ILLEGAL SENTENCE AS THE STATUTE HAS BEEN UNCONSTITUTIONAL FROM THE DATE OF ITS PASSAGE AND INEFFECTIVE FOR ANY PURPOSE?

Appellant's Brief at 5.

In **Alleyne v. United States**, 133 S.Ct. 2151 (2013), the U.S. Supreme Court held that any fact that increases a mandatory minimum sentence for a crime is an element of the crime that must be proven before a jury beyond a reasonable doubt. Appellant observes that several decisions by the Supreme Court of Pennsylvania and this Court have held that various provisions of Pennsylvania's mandatory minimum sentence statutes are unconstitutional in light of **Alleyne**. **See** Appellant's Brief at 9-11, *citing* **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015), and **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*). He argues that in light of these decisions, his sentence is now illegal and void *ab initio* and must be vacated. Appellant's Brief at 6, 10.

Our review of the PCRA court's order dismissing Appellant's claim is limited to ascertaining whether the record supports the determination of the PCRA court and whether that court's ruling is free of legal error. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009). We defer to the factual findings of the PCRA court, "but its legal determinations are subject to our plenary review." **Id.** The PCRA court has discretion to

dismiss a petition without a hearing when the court is satisfied that no genuine issues of material fact have been raised, no legitimate purpose would be served by further proceedings, and the petitioner is not entitled on the merits to post-conviction relief. Pa.R.Crim.P. 909(B)(2). Where the PCRA court denies a petition without a hearing, we "must examine the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding there were no genuine issues of material fact and in denying relief without an evidentiary hearing." *Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008).

The PCRA court dismissed Appellant's petition as untimely. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b)(1) of the statute.[1] 42 Pa.C.S. § 9545(b). A PCRA petition invoking one of these

_____

[1] The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

*(Footnote Continued Next Page)*

statutory exceptions must "be filed within 60 days of the date the claims could have been presented." ***Hernandez***, 79 A.3d at 651-52 (citing 42 Pa.C.S. § 9545(b)(2)). Asserted exceptions to the time restrictions in the PCRA must be included in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007).

Upon review, we conclude that the Honorable Jeffrey P. Minehart, sitting as the PCRA court, ably addressed the untimeliness of Appellant's PCRA petition. ***See*** PCRA Court Opinion, 2/23/16, at 1-4. His opinion explained the well-settled legal principle that neither claims challenging sentence legality nor the finding that a statute is unconstitutional can negate the PCRA's jurisdictional time restrictions. ***Id.*** at 4 (citing ***Commonwealth v. Grafton***, 928 A.2d 1112 (Pa. Super. 2007); ***see also Commonwealth v. Fahy***, 737 A.2d 214 (Pa. 1999). His opinion holds that Appellant's "failure to plead specifically the applicability of any of the exceptions to the time

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

    (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

    (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

requirements of the PCRA was fatal to his petition." PCRA Court Opinion at 4. We agree, and we adopt the PCRA court's February 23, 2016 opinion with regard to the timeliness issue.

Appellant insists that he should be entitled to relief regardless of whether or not his petition was timely under the PCRA. In his brief, he recognizes that constitutional arguments based on *Alleyne* could be presented as an exception to the PCRA's time bar only if *Alleyne* had been held by the Supreme Court to apply retroactively to cases on collateral review, *see* 42 Pa.C.S. § 9545(b)(1)(iii), and that *Alleyne* has been held not to apply retroactively. Appellant's Brief at 10; *see also Commonwealth v. Washington*, No. 37 EAP 2015, 2016 WL 3909088, at *8 (Pa. July 19, 2016) (confirming that *Alleyne* does not apply retroactively to cases on collateral review). Appellant emphasizes that he "is not arguing this issue." Appellant's Brief at 10. Rather, he argues that the invalidity of the mandatory minimum sentencing statutes under *Alleyne* makes such statutes "illegal" and "a nullity" and that this illegality dates back to the dates of the statutes' enactment. This defect, he claims, "renders any time bar null and void as the statute is, in its entirety, void ab initio." *Id.* at 10-11.

As the PCRA court held, Appellant's argument has "erroneously conflated the validity of [the] mandatory minimum statute . . . with that of the PCRA time bar." PCRA Court Op. at 4. The Post Conviction Relief Act

makes clear that compliance with the time limits set forth in that Act is a jurisdictional prerequisite to bringing a claim. There is no exception to the Act's time limits for claims asserting that a sentence was "illegal."[2] Rather, as the Supreme Court explained in **Commonwealth v. Fahy**, 737 A.2d at 223, "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." Appellant's failure to file his claim within those time limits therefore deprived the PCRA court of jurisdiction to hear his claim.

In sum, the PCRA court correctly concluded that it lacked jurisdiction to consider Appellant's untimely PCRA petition, and we affirm its order in this regard. In the event of further proceedings in this matter, the parties shall attach a copy of the PCRA court's February 23, 2016 opinion, as well as this memorandum.

Order affirmed.

---

[2] We add that Appellant is mistaken in his contention that his sentence pursuant to the mandatory minimum sentencing statute was "illegal." As the Supreme Court of Pennsylvania recently explained, the sentence would be "illegal" only if **Alleyne** applied retroactively to the statute at the time of Appellant's sentencing. Because **Alleyne** does not apply retroactively, this is not the case. **Commonwealth v. Washington**, 2016 WL 3909088, at 3-4.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/5/2016</u>

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

:

CP-51-CR-0729881-1993

VS.

:

**FILED**

FEB 2 3 2016

CHRISTOPHER SINGLETARY,
                    Petitioner

:

Criminal Appeals Unit
First Judicial District of PA

## OPINION

MINEHART, J

The lower court dismissed the Post-Conviction Relief Act ("PCRA") petition filed on July 30, 2015, for the reasons set forth below.[1]

## PROCEDURAL HISTORY

On April 4, 1994, following a jury trial, Petitioner was convicted of robbery (3 counts), burglary, conspiracy, and violation of the Uniform Firearms Act. On February 7, 1995, Petitioner was sentenced to an aggregate term of forty-seven and one half to ninety-five years' imprisonment. On January 19, 1996, following a direct appeal, the Superior Court affirmed the judgment of sentence.[2] Petitioner did not seek an allowance of appeal in the Pennsylvania Supreme Court.

On September 13, 1996, Petitioner filed his first timely *pro se* PCRA petition and counsel was appointed. On September 3, 1998, the PCRA court denied his petition. On March 31, 2000, the Superior Court affirmed the denial of relief.[3] The Pennsylvania Supreme Court denied *allocatur* on July 25, 2000.[4]

---

[1] The Order was issued more than twenty days after Petitioner was served with notice of the forthcoming dismissal of his Post Conviction Relief Act petition. Pa.R.Crim.P. 907.

[2] *Commonwealth v. Singletary*, 676 A.2d 286 (Pa. Super. 1996)(unpublished memorandum).

[3] *Commonwealth v. Singletary*, 757 A.2d 997 (Pa. Super. 2000)(unpublished memorandum).

[4] *Commonwealth v. Singletary*, 759 A.2d 922 (Pa. 2000).

CP-51-CR-0729881-1993 Comm. v. Singletary, Christophe
Memorandum Opinion

1


7410324941

Over the next twelve years, Petitioner submitted three additional petitions for collateral relief, all of which were denied as meritless or untimely. On July 30, 2015, Petitioner filed the instant *pro se* PCRA petition, his fifth. Pursuant to Pennsylvania Rule of Criminal Procedure 907, Petitioner was served notice of the lower court's intention to dismiss his petition on November 24, 2015. On January 7, 2016, the PCRA court dismissed his petition as untimely. On January 29, 2016, the instant notice of appeal was timely filed to the Superior Court.

## DISCUSSION

Petitioner's current PCRA petition was untimely filed and none of the exceptions to the time-bar are applicable. As a prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson*, 12 A.3d 477 (Pa. Super. 2011). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Subsection 9545(b)(1)(iii) is the newly-recognized, and retroactively-applied, constitutional right exception.

2

Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Copenhefer*, 941 A.2d 646, 649–50 (Pa. 2007) (quoting *Commonwealth v. Abdul–Salaam*, 812 A.2d 497, 501 (Pa. 2002)).

Additionally, a PCRA petitioner must present his claimed exception within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the PCRA court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa–Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Petitioner's instant petition challenged the legality of his sentence in light of *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014). Petitioner's judgment of sentence became final for PCRA purposed on February 18, 1996, thirty days after the Superior Court affirmed the judgment of sentence. His current petition, filed on July 30, 2015 was therefore untimely by approximately eighteen years. Rather than complying with 42 Pa.C.S.A. § 9545(b)(1), Petitioner repudiated his obligation to establish timeliness, arguing that the time-bar is inapplicable due to the illegality of his sentence.[5] *See* 907

---

[5] It is readily apparent that the only exception to the time requirements of the Act that could conceivably apply is the exception enumerated at § 9545(b)(1)(iii), which Petitioner explicitly disavowed. *See* PCRA petition, 7/30/15, at 6. Nonetheless, his petition referencing *Alleyne* was deficient in two distinct, but equally fatal ways. Firstly, his petition failed to invoke the exception within sixty days of the date the claim could have been presented, namely June 17, 2013, the date the United States Supreme Court decided *Alleyne*. His petition was not filed until 2015, well beyond the sixty-day mandate. Secondly, in the recent decision *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014), the Superior Court concluded that "even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final."

response, 12/10/15 at 2. Petitioner's argument erroneously conflated the validity of mandatory minimum statute 42 Pa.C.S.A. § 9712.1 with that of the PCRA time-bar. Furthermore, a claim of sentence illegality is not an exception to the PCRA court's timeliness requirement. *Commonwealth v. Pate,* 2014 WL 10790083, at *1 (Pa. Super. 2014) (citing *Commonwealth v. Grafton,* 928 A.2d 1112, 1114 (Pa. Super. 2007)("even claims that a sentence is illegal . . . are not beyond the jurisdictional time restrictions.")). Petitioner's failure to plead specifically the applicability of any of the exceptions to the time requirements of the PCRA was fatal to his petition. Accordingly, for the reasons stated herein, it is suggested that the decision of the court dismissing the PCRA petition be affirmed.

BY THE COURT:

_____
HON. JEFFREY P. MINEHART

4