**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Robert W. GRAFTON, Appellant.**

Superior Court of Pennsylvania.

Submitted April 30, 2007.

Filed July 13, 2007.

Robert W. Grafton, appellant, Pro Se.

Leanne R. Nedza, Asst. Dist. Atty., Clearfield, for Com., appellee.

BEFORE: KLEIN, BENDER and McCAFFERY, JJ.

OPINION BY BENDER, J.:

¶ 1 This is an appeal from an order denying/dismissing Appellant's motion to modify sentence under extraordinary circumstances. Appellant raises one issue for our review, did the trial court err in failing to advise Appellant at sentencing of his right to file post-sentence motions, and the time period for filing the same, which would excuse any late filing of the present motion? After consideration, we affirm.

■ ¶ 2 On January 9, 1996, Appellant entered a plea of guilty to six counts of involuntary deviate sexual intercourse (IDSI) and one count of corrupting the morals of a minor. Appellant was sentenced for these offenses on February 21, 1996. As Appellant filed no direct appeal, his judgment of sentence became final for purposes of the Post Conviction Relief Act (PCRA) on March, 22, 1996.[1]  *See* 42 Pa.

C.S. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Appellant, thus, had until March 22, 1997 to file a petition for relief under the PCRA. *See* 42 Pa.C.S. § 9545(b)(3); *see also Commonwealth. v. Alcorn,* 703 A.2d 1054 (Pa.Super.1997) (generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final). Unfortunately for Appellant, he did not file his first PCRA petition until October 21, 1997. Consequently, Appellant's petition was dismissed. An appeal to this Court followed, and led to an affirmance on May 3, 1999, albeit on grounds different than that relied upon by the PCRA court.[2]

¶ 3 On January 31, 2000, Appellant filed a second PCRA petition, which was dismissed on April 10, 2000, for untimeliness. Similar to Appellant's first PCRA petition, that dismissal was appealed to this Court, and we affirmed on July 25, 2006.[3]

¶ 4 Prior to the disposition of the appeal on Appellant's second PCRA, on September 24, 2004, Appellant filed a petition for collateral/post-conviction relief in the form of a petition for writ of *habeas corpus,* asserting that his sentence was illegal as the sentence for corrupting the morals of a minor should have merged with his sentence(s) for IDSI. On October 5, 2004, Appellant's petition for writ of *habeas corpus* was denied. Appellant appealed that

1. As falling in a "leap year," February 1996 contained 29 days.

2. Although the trial court dismissed Appellant's petition due to counsel's failure to file a PCRA brief, our court affirmed the dismissal on the basis that the petition was untimely filed. *Commonwealth v. Grafton,* 739 A.2d

586 (Pa.Super.1999). (unpublished memorandum).

3. The disposition of Appellant's appeal relating to his second PCRA petition was delayed due to procedural defects. *Commonwealth v. Grafton,* 907 A.2d 1133 (Pa.Super.2006).

denial and, on October 18, 2005, we affirmed,[4] concluding that although titled a petition for writ of *habeas corpus,* Appellant's petition must be treated as a petition under the PCRA. We further concluded that although attacking the legality of the sentence, an issue that "cannot be waived," the petition was untimely, and thus the court lacked jurisdiction to grant relief.

¶ 5 Despite the previous futile efforts to secure post-conviction relief, Appellant apparently remained undaunted. Thus, on November 22, 2005, Appellant filed a motion for modification of sentence under extraordinary circumstances. In this motion, Appellant alleged that he was never apprised of his post-sentence rights when sentenced. As such, Appellant contended, he was entitled to file a motion to modify sentence although the time for filing such a motion had expired several years earlier. The Commonwealth filed a response to Appellant's motion contending that the motion was untimely. The court agreed and, on July 31, 2006, denied Appellant's motion for that exact reason. The present appeal followed.

■■■ ¶ 6 The purpose behind the passage of the PCRA was to bring finality to criminal judgments while allowing criminal defendants a fair opportunity to address, and seek redress for, errors that occurred during trial and/or sentencing. *Commonwealth v. Morris,* 573 Pa. 157, 822 A.2d 684 (2003). Appellant here, and below, contends that he was not apprised of his post-

sentence rights at the time of sentencing. The Commonwealth contests this assertion, stating that all defendants that were sentenced that day were read their rights as a group before proceeding to individualized sentencing.[5] While if Appellant was not advised of his post-sentence rights, he would be eligible for relief due to this omission, it cannot be said that such an error would transcend the jurisdictional parameters of the PCRA and allow a sentence to be attacked several years after imposition of the sentence. Indeed, as can be seen from the denial of Appellant's petition for writ of habeas corpus, even claims that a sentence was illegal, an issue deemed incapable of being waived, are not beyond the jurisdictional time restrictions. *Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214 (1999); *Commonwealth v. Beck,* 848 A.2d 987 (Pa.Super.2004). Thus, although the issue is considered incapable of being waived, this fact does not mean that the matter can be addressed at any time during the length of the sentence. Action to correct the defect must still be taken within one year of the date the judgment of sentence becomes final for purposes of the PCRA.

■■ ¶ 7 In the present case, more than 10 years has passed since the alleged omission occurred. Moreover, in the time since sentencing to the filing of the current motion for post-sentence relief, Appellant has filed several petitions for post-conviction relief, either under the PCRA or *habeas corpus* petitions. It is well established

---

4. *Commonwealth v. Grafton,* 889 A.2d 112 (Pa.Super.2005).

5. In support of this position, the Commonwealth has appended a copy of the notes of testimony from the sentencing of Kevin Lee Hamilton, CP–17–CR959–1995, dated February 20, 1996. The date does correspond with the date Appellant was sentenced. Appellant contests the Commonwealth's appending these notes of testimony, asserting that they

are not part of the certified record. We note, as well, that the notes of testimony from Appellant's sentencing are not contained in the certified record, either, although Appellant has similarly appended a copy of the notes of his sentencing to his brief. As our ultimate decision does not require us to review the notes of testimony, we will disregard the fact that the notes of testimony are not contained in the certified record.

that any claims of error that are cognizable under the PCRA must be brought under the PCRA. *Commonwealth v. Lantzy*, 558 Pa. 214, 223, 736 A.2d 564, 569–70 (1999). While we have not found any cases wherein post-sentence rights were restored under the PCRA, we note that *Commonwealth v. Wright*, 846 A.2d 730 (Pa.Super.2004), seemingly acknowledges the court's authority to grant this relief under the PCRA.[6] Moreover, PCRA courts routinely restore lost appellate rights. Looking at the matter analogously, we see no significant distinction between the restoration of lost appellate rights and the restoration of lost post-sentence rights. That is, if a defendant has been deprived of his post-sentence rights through an omission of counsel or the court, the defendant should be able to redress that deprivation under the PCRA.

¶ 8 Given the above, we must view Appellant's motion to modify sentence under

extraordinary circumstances as a PCRA petition, an untimely one at that. As such, the motion was properly denied for untimeliness. Lastly, although Appellant has not specifically contended that the court's failure to apprise him of his post-sentence rights would constitute an exception to the PCRA's timeliness requirements,[7] we observe that we are aware of no authority that such a failure would constitute an exception. In our view, the court's omission would be no different than other trial court error. Thus, we see no way in which Appellant's motion can be deemed timely.

¶ 9 Order affirmed.

6. In *Wright* we stated:
The PCRA court did not restore Appellant's right to file a post-sentence motion *nunc pro tunc*. The PCRA court only reinstated Appellant's direct appeal rights *nunc pro tunc*. Indeed, in his PCRA petition Appellant did not seek the restoration of his right to file a post-sentence motion *nunc pro tunc*. Since Appellant's right to file a post-sentence motion was not restored *nunc pro tunc*, the trial court should not have entertained Appellant's post-sentence motion which was clearly untimely.
*Wright*, 846 A.2d at 733–34.

7. 42 Pa.C.S. § 9545 provides:
§ 9545. Jurisdiction and proceedings
(a) Original jurisdiction.—Original jurisdiction over a proceeding under this subchapter shall be in the court of common pleas. No court shall have authority to entertain a request for any form of relief in anticipation of the filing of a petition under this subchapter.
(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.