J-S49044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH PATE | |
| Appellant | No. 575 EDA 2014 |

Appeal from the Order Entered January 21, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0408261-1981

BEFORE:  OLSON, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 14, 2014**

Appellant, Kenneth Pate, appeals *pro se* from the January 21, 2014 order dismissing as untimely his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Also pending before this Court is Appellant's July 7, 2014 application for relief asking this Court to reconsider our March 31 and May 5, 2014 orders.  We affirm the PCRA court's order and deny Appellant's application for relief.

On January 13, 1982, a jury found Appellant guilty of third degree murder, conspiracy, and possession of an instrument of crime.[1]  On May 30, 1984, the trial court imposed ten to twenty years of incarceration for murder, a consecutive five to ten years of incarceration for conspiracy, and a

_____

[1]  18 Pa.C.S.A. §§ 2502(c), 903, 907.

consecutive two and one half to five years for possession of an instrument of crime.

Appellant did not file an immediate direct appeal, but later sought and received permission to file a *nunc pro tunc* direct appeal. This Court affirmed the judgment of sentence on December 3, 1992 and our Supreme Court denied allowance of appeal on October 1, 1993. Appellant filed his first PCRA petition on August 3, 1994. The PCRA court dismissed that petition without a hearing, and this Court affirmed on January 18, 1996. Our Supreme Court denied allowance of appeal on March 18, 1996.

Appellant filed the instant petition on December 12, 2011. On May 30, 2012, the PCRA court entered notice of its intent to dismiss the petition. Appellant responded with several filings that the PCRA court construed as amendments to the December 12, 2011 petition. On January 21, 2014, the PCRA court dismissed Appellant's petition. This timely *pro se* appeal followed.

The instant PCRA petition, filed nearly two decades after Appellant's judgment of sentence became final, is facially untimely under § 9545(b) of the PCRA:

b) Time for filing petition.

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. **Commonwealth v. Ali**, 86 A.3d 173, 177 (Pa. 2014).

Appellant argues the timeliness provisions do not apply because his sentence is illegal. He is incorrect, as an illegal sentence is not an exception to the PCRA court's timeliness requirement. **Commonwealth v. Grafton**, 928 A.2d 1112, 1114 (Pa. Super. 2007). In addition, Appellant's assertion of sentence illegality is nothing more than a rehashing of substantive arguments – including alleged deprivation of his right to a speedy trial – which previous courts have reviewed and rejected.[2]

Order affirmed. Application for relief denied.

---

[2] In our March 31, 2014 order, we explained to Appellant that the only issue before this Court is the timeliness of Appellant's PCRA petition. As we have concluded the petition is indeed untimely, we are without jurisdiction to order any relief. We therefore deny Appellant's pending application for relief.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2014