J-S25018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRY EUGENE SHIELDS, | |
| Appellant | No. 1356 WDA 2014 |

Appeal from the PCRA Order July 16, 2014
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0003007-2009

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

DISSENTING MEMORANDUM BY PLATT, J.:          **FILED JULY 30, 2015**

I respectfully dissent.  Appellant asserts that his mandatory minimum sentence received pursuant to 42 Pa.C.S.A. § 9712 is illegal under **Alleyne**.[1] In my view, his delay in raising the illegality of sentence issue is decisive. Therefore, I would conclude that his untimely response to the PCRA court's Rule 907 notice precludes our review.  Accordingly, I would affirm.

The learned Majority acknowledges that "Appellant neglected the issue entirely until his untimely response to the Rule 907 notice."  Majority Memorandum, at 4.  Nevertheless, it concludes that the "delay is of no

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] I note that this Court has held the statute at issue unconstitutional in light of **Alleyne**.  **See Commonwealth v. Valentine**, 101 A.3d 801, 812 (Pa. Super. 2014) (holding mandatory minimum sentence illegal on direct appeal).

moment[.]" *Id.* at 5 (referencing *Commonwealth v. Wolfe*, 106 A.3d 800, 801 (Pa. Super. 2014)).[2]  I disagree.

> [It] is black-letter law that challenges to the legality of a judgment of sentence can not be waived. . . . [However, w]hile the rule forecloses permanent waiver of legality-of-sentence claims, it does not preclude a court from **enforcing procedural rules or jurisdictional limits** and requiring such claims be properly presented at the time they are raised in order to obtain review thereof.

*Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007) (citations omitted; emphasis added).  A collateral challenge to the legality of a sentence must meet the jurisdictional time requirements of the PCRA.  *See e.g. Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) (finding illegality claim raised after judgment of sentence becomes final construed as PCRA petition); *Commonwealth v. Grafton*, 928 A.2d 1112 (Pa. Super. 2007) (holding illegality claim must meet jurisdictional time requirements).  Further, a response to a Rule 907 notice "during a petitioner's first PCRA proceeding is not a second or serial petition, nor is it an amended petition[,]" except where it sets forth a new non-PCRA ineffectiveness claim.  *Commonwealth v. Rykard*, 55 A.3d 1177, 1187 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013) (citation omitted).

It is well-settled that:

---

[2] In my view, the Majority's reliance on *Wolfe* is misplaced because *Wolfe* was a direct appeal.

> The filing mandates of the PCRA are jurisdictional in nature and are strictly construed. The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary. An untimely petition renders this Court without jurisdiction to afford relief.

***Taylor***, ***supra*** at 468 (citations omitted).

Here, the record reflects that Appellant timely filed his first PCRA petition.[3] On June 9, 2014, the PCRA court filed its Rule 907 notice to dismiss Appellant's petition.[4] Appellant filed his untimely response eighteen days late, on July 14, 2014. The PCRA court dismissed his petition by order dated July 16, 2014.

I would conclude under the narrow statutory grounds for obtaining collateral relief under the PCRA, Appellant's untimely claim of illegality of sentence is unreviewable, and the PCRA court properly dismissed his petition. Therefore, I would affirm.

Accordingly, I respectfully dissent.

---

[3] On January 21, 2014, Appellant filed his first PCRA petition and an amended petition on May 27, 2014.

[4] The Rule 907 notice is dated June 6, 2013.