J. S67001/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| EDWARD GALLOWAY SCHWARTZ, JR., | : | No. 977 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, March 9, 2016,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0001551-2009

BEFORE: FORD ELLIOTT, P.J.E., RANSOM, J. AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED SEPTEMBER 23, 2016**

Edward Galloway Schwartz, Jr. appeals, ***pro se***, from the order of March 9, 2016, dismissing his second PCRA[1] petition as untimely. We affirm.

On December 22, 2009, appellant entered a negotiated guilty plea to eight counts of sexual abuse of children -- possession of child pornography, and one count of criminal use of a communication facility. On May 5, 2010, the trial court imposed the agreed-upon sentence of 12½ to 25 years' incarceration, followed by 5 years of probation. The remaining charges were ***nolle prossed***. The trial court found that appellant was a sexually violent

---

* Former Justice specially assigned to the Superior Court.

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

predator ("SVP") under Megan's Law. Appellant did not file post-sentence motions or a direct appeal.

On February 9, 2012, appellant filed a *pro se* PCRA petition alleging that trial counsel was ineffective for failing to file a direct appeal, despite his request. Counsel was appointed and filed a *Turner*/*Finley*[2] "no merit" letter, explaining why the petition was untimely. In addition to being untimely, appellant failed to present any evidence that he requested counsel to file an appeal or that there were non-frivolous grounds for appeal. (*Turner*/*Finley* letter, 4/17/12 at 3; Docket #33.) On July 5, 2012, following 20-day notice pursuant to Pa.R.Crim.P. 907, the petition was dismissed and counsel was permitted to withdraw. No appeal was taken from that order.

On May 27, 2014, appellant filed a *pro se* motion for reconsideration of sentence, which was dismissed as untimely on June 3, 2014. Appellant filed the instant PCRA petition, his second, on August 31, 2015, alleging that his sentence was illegal under *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013) (holding that any fact that, by law, increases the penalty for a crime is required to be treated as an element of the offense, submitted to a jury, rather than a judge, and found beyond a reasonable doubt). Counsel was appointed and filed a petition to withdraw and *Turner*/*Finley*

---

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

"no merit" letter on February 1, 2016. On February 5, 2016, the PCRA court issued Rule 907 notice, and counsel was permitted to withdraw. On March 9, 2016, appellant's petition was dismissed. Appellant filed a timely **pro se** notice of appeal on March 28, 2016. On March 29, 2016, appellant was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). Appellant complied on April 14, 2016; and on April 18, 2016, the PCRA court filed a Rule 1925(a) opinion.

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 582 Pa. 164, 870 A.2d 795, 799 n. 2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa.Super. 2001).

***Commonwealth v. Turetsky***, 925 A.2d 876, 879 (Pa.Super. 2007), **appeal denied**, 940 A.2d 365 (Pa. 2007).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa.Super. 2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. ***Id.*** It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

> ***Commonwealth v. Hardcastle***, 549 Pa. 450, 454,
> 701 A.2d 541, 542-543 (1997).

***Id.*** at 882, quoting ***Commonwealth v. Khalifah***, 852 A.2d 1238, 1239-1240 (Pa.Super. 2004).

Here, appellant's judgment of sentence became final on June 4, 2010, when the deadline passed for filing a notice of appeal. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P., Rule 903, 42 Pa.C.S.A. As such, the instant petition, appellant's second, is manifestly untimely unless one of the three statutory exceptions to the PCRA's one-year jurisdictional time-bar applies. Appellant asserts that his sentence is illegal under ***Alleyne*** and its progeny. However, "even claims that a sentence was illegal, an issue deemed incapable of being waived, are not beyond the jurisdictional time restrictions." ***Commonwealth v. Grafton***, 928 A.2d 1112, 1114 (Pa.Super. 2007), citing ***Commonwealth v. Fahy***, 737 A.2d 214 (Pa. 1999); ***Commonwealth v. Beck***, 848 A.2d 987 (Pa.Super. 2004). Therefore, appellant's illegal sentencing claim does not operate as an independent exception to the PCRA's jurisdictional time-bar.

To the extent that appellant is arguing that the after-recognized constitutional right exception applies, enumerated at 42 Pa.C.S.A. § 9545(b)(1)(iii), he is mistaken. Recently, our supreme court decided that ***Alleyne*** does not apply retroactively to collateral attacks on mandatory minimum sentences advanced in post-conviction relief proceedings. ***Commonwealth v. Washington***, ___ A.3d ___, 2016 WL 3909088 (Pa.

July 19, 2016). Furthermore, it is well settled that **Alleyne** does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition. **Commonwealth v. Miller**, 102 A.3d 988 (Pa.Super. 2014).

Appellant also appears to challenge the trial court's SVP designation. (Appellant's brief at 4.) This issue was not raised in his PCRA petition and cannot be raised for the first time on appeal. **See Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011) ("It is well-settled that issues not raised in a PCRA petition cannot be considered on appeal." (quotation marks and citations omitted)); 42 Pa.C.S.A. § 9544(b). At any rate, the PCRA does not provide relief from collateral consequences of a criminal conviction. 42 Pa.C.S.A. § 9542. Because the registration requirements of Megan's Law are collateral consequences of appellant's conviction and are not considered part of his sentence, appellant's challenge to his SVP classification falls outside the ambit of the PCRA. **See Commonwealth v. Masker**, 34 A.3d 841 (Pa.Super. 2011) (**en banc**), **appeal denied**, 47 A.3d 846 (Pa. 2012) (a challenge to the classification of the defendant as an SVP is not a challenge to the conviction or sentence and, therefore, is not cognizable under the PCRA).

Order affirmed.

J. S67001/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2016