J-S84026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATTHEW LEE CHANG | |
| Appellant | No. 1328 EDA 2016 |

Appeal from the PCRA Order Dated November 24, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000376-2010

BEFORE:  OLSON, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:                **FILED NOVEMBER 29, 2016**

Appellant, Matthew Lee Chang, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  The PCRA court denied relief on the basis that Appellant's petition was untimely, and therefore not within its jurisdiction.  Upon review, we affirm.

On January 13, 2011, a jury convicted Appellant of two counts of possession with intent to deliver pursuant to 35 P.S. § 780-113(a)(30).  On March 28, 2011, the trial court sentenced Appellant to an aggregate 57 to 120 months' incarceration.  In imposing the sentence, the trial court applied

_____

[*] Former Justice specially assigned to the Superior Court.

the mandatory minimum sentence prescribed for drug trafficking under Section 7508 of the Crimes Code, which was the law at the time Appellant was sentenced. Relevant to Appellant, Section 7508 provided for the following sentence:

> when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; . . .

18 Pa.C.S. § 7508(a)(3)(i). Appellant filed a motion for reconsideration on March 31, 2011, which the trial court denied on April 25, 2011. Appellant filed a direct appeal, and we affirmed the judgment of sentence. *Commonwealth v. Chang*, No. 1419 EDA 2011 (Pa. Super. December 28, 2011) (unpublished memorandum). Appellant did not seek allowance of an appeal by the Pennsylvania Supreme Court.

In 2013, the U.S. Supreme Court held in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), that any fact that increases a mandatory minimum sentence for a crime is an element of the crime that must be proven before a jury beyond a reasonable doubt. The following year, we held that the mandatory minimum sentencing scheme under Section 7508 is "unconstitutional in its entirety" in light of *Alleyne*. *Commonwealth v. Vargas,* 108 A.3d 858, 876 (Pa. Super. 2014) (*en banc*), *appeal denied,*

- 2 -

121 A.3d 496 (Pa. 2015); *see also Commonwealth v. Mosley*, 114 A.3d 1072 (Pa. Super. 2015). On July 16, 2015, Appellant filed a *pro se* PCRA petition asserting that his sentence was "a nullity" based on **Alleyne** and its Pennsylvania progeny. PCRA Petition, 7/16/15.

On July 27, 2015, the PCRA court issued a Rule 907 notice of its intent to dismiss Appellant's PCRA petition on the ground that it had no jurisdiction to decide it because the petition was "not timely filed and . . . [Appellant] has not plead any statutory exception that would permit the court to hear and decide a late filed petition." Appellant filed a *pro se* objection on August 14, 2015. On September 9, 2015, counsel entered an appearance on Appellant's behalf.[1] After obtaining an extension of time, counsel filed a response to the Rule 907 notice on September 24, 2015. The PCRA court held a hearing on November 23, 2015 and dismissed the PCRA petition the next day. Appellant did not file a timely appeal. On February 24, 2016, Appellant filed a motion to reinstate his appellate rights *nunc pro tunc*. The

_____

[1] The PCRA court did not initially appoint counsel to represent Appellant, in contravention of Pa.R.Crim.P. 904(C) (when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief). Eventually, the PCRA court appointed the Monroe County Public Defender's Office to represent Appellant as part of its July 27, 2015 order providing the Rule 907 notice of its intent to dismiss the PCRA petition. The Monroe County Public Defender's Office has represented Appellant since it entered its appearance on September 9, 2015, and Appellant has not made any claim relative to the delay in his legal representation.

PCRA court granted Appellant's motion on April 7, 2016, and extended the time to file an appeal to May 8, 2016. Appellant filed this appeal on May 2, 2016.

Appellant presents the following issue:

> WHETHER THE PCRA COURT ERRED IN DENYING THE APPELLANT'S PCRA PETITION AS UNTIMELY FILED AND NOT WITHIN ANY APPLICABLE EXCEPTION TO ALLOW FOR CONSIDERATION OF THE MERITS OF THE PETITION?
>
> (A) WHETHER ANY OBJECTION TO AN ILLEGAL SENTENCE CAN BE WAIVED?

Appellant's Brief at 4.

Appellant argues that his sentence "is illegal and as such must be vacated." Appellant's Brief at 7. In support of his assertion, Appellant cites decisions by the Supreme Court of Pennsylvania and this Court, which have held that various provisions of Pennsylvania's mandatory minimum sentencing statutes are unconstitutional in light of *Alleyne*. *See* Appellant's Brief at 7-9, citing *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015), and *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*). Appellant *concedes* that under "the current state of the law he may not be procedurally able to challenge the legality of his sentence," *id.* at 9, and he references the Pennsylvania Supreme Court's September 18, 2015 allowance of an appeal in *Commonwealth v. Barnes*, 122 A.3d 1034 (Pa. 2015), to determine "whether a challenge to a sentence pursuant to *Alleyne* implicates the legality of the sentence and is therefore non-waivable." *See*

Appellant's Brief at 7. As of this writing, the **Barnes** appeal remains pending before the Pennsylvania Supreme Court,[2] and the law as it stands is that a legality of sentence claim may "be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014), citing **Commonwealth v. Seskey**, 86 A.3d 237, 242 (Pa. Super. 2014).

Accordingly, before we may address the merits of Appellant's argument, we must determine whether the trial court correctly held that it lacked jurisdiction to decide Appellant's petition because it is untimely. Our review of the PCRA court's order is limited to ascertaining whether the record supports the determination of the PCRA court and whether that court's ruling is free of legal error. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009). We defer to the factual findings of the PCRA court, "but its legal determinations are subject to our plenary review." **Id.**

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment is final unless the petition alleges and the

_____

[2] The case was argued on September 13, 2016, at Docket No. 36 EAP 2015.

petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b)(1) of the statute.[3]  A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented."  **Hernandez**, 79 A.3d at 651-52 (citing 42 Pa.C.S. § 9545(b)(2)).  Asserted exceptions to the time restrictions in the PCRA must be included in the petition and may not be raised for the first time on appeal.  **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007).

Appellant recognizes that his argument based on **Alleyne** may be presented as an exception to the PCRA's time bar only if **Alleyne** has been held by the Supreme Court to apply retroactively to cases on collateral

---

[3] The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

review, and that *Alleyne* has been held not to apply retroactively. Appellant's Brief at 7-9; *see Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016). Appellant nonetheless argues that "fundamental fairness dictates that his sentence be vacated." Appellant's Brief at 9.

In rejecting Appellant's argument, we are bound by legal precedent. Claims challenging a sentence's legality and constitutionality are subject to the PCRA's jurisdictional time restrictions. *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999); *Commonwealth v. Grafton*, 928 A.2d 1112 (Pa. Super. 2007). The PCRA makes clear that compliance with the time limits set forth in the Act is a jurisdictional prerequisite to bringing such a claim. Therefore, because Appellant in this case failed to file his claim within the statutorily prescribed time limit, the PCRA court was without jurisdiction to hear his claim. As the PCRA court explained:

> Here, the Superior Court affirmed the Judgment of Sentence on December 28, 2011, and [Appellant] did not file a petition for allowance of appeal. As a result, his judgment of sentence became final on January 27, 2012, thirty (30) days after the Superior Court's decision was entered. Thereafter, [Appellant] had one year, or until January 27, 2013, in which to file a PCRA petition. [Appellant] filed the instant petition on July 14, 2015, the date he mailed it from prison, three and one-half years after the judgment of sentence became final and two and one-half years after the PCRA filing deadline. As such, his petition is patently untimely.
>
> Since the petition is untimely, [Appellant] cannot be afforded relief under the PCRA unless he pleads and proves one of the Section 9545 exceptions to the time bar. The petition, as filed, does not overcome this hurdle.

Initially, a review of the PCRA petition shows that [Appellant] does not specifically plead any of the three exceptions. This is especially true of the first two exceptions since nothing in the petition even remotely suggests interference by government officials or the discovery of new facts. Thus, to date, he has failed to invoke any of the exceptions. For this reason alone the Petition may be dismissed.

PCRA Court Order, 7/27/15, at 4.

We conclude that the record supports the PCRA court's determination that it was without jurisdiction to review Appellant's untimely PCRA petition.

We therefore affirm the order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.

Prothonotary

Date: <u>11/29/2016</u>