J. S04036/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BARRY R. BUCHTER, | : | No. 1131 MDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, June 21, 2017,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0002916-2011

BEFORE:  SHOGAN, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 27, 2018**

Barry R. Buchter appeals ***pro se*** from the order filed in the Court of Common Pleas of Lancaster County that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Because we agree with the PCRA court that appellant's facially untimely petition failed to establish a statutory exception to the one-year jurisdictional time limit for filing a petition under the PCRA, we affirm.

The PCRA court set forth the following factual and procedural history in its opinion filed September 7, 2017:

On January 10, 2012, after a jury trial, [appellant] was convicted of one count of rape,[Footnote 1] four counts of involuntary deviate sexual intercourse with a person less than 16 years of age,[Footnote 2] two counts of aggravated indecent assault of a person less than 16 years of age,[Footnote 3] one count of incest,[Footnote 4]

one count of unlawful contact with a minor, [Footnote 5] one count of corruption of a minor[Footnote 6] and two counts of indecent assault of a person less than 16 years of age.[Footnote 7] On April 17, 2012, he was sentenced to an aggregate term of 24 to 48 years['] incarceration followed by five years['] consecutive probation.

[Footnote 1] 18 Pa.C.S.[A.] § 3121(a)(2).

[Footnote 2] 18 Pa.C.S.[A.] § 3123(a)(7).

[Footnote 3] 18 Pa.C.S.[A.] § 3125(a)(8).

[Footnote 4] 18 Pa.C.S.[A.] § 4302.

[Footnote 5] 18 Pa.C.S.[A.] § 6813(a)(1).

[Footnote 6] 18 Pa.C.S.[A.] § 6301(a)(1).

[Footnote 7] 18 Pa.C.S.[A.] [§] 3126(a)(8).

The judgment of sentence was affirmed on April 5, 2013. ***Commonwealth v. Buchter***, 75 A.3d 546 (Pa.Super. 2013) (table). [Appellant] did not seek further review in the Pennsylvania Supreme Court.

On April 15, 2013, [appellant] filed a ***pro se*** motion for post conviction collateral relief and counsel was appointed. Counsel filed an amended motion on July 29, 2014. After a hearing on [appellant's] motion on October 28, 2014, the [c]ourt entered an order denying the motion on August 31, 2015. [Appellant] filed his notice of appeal on September 16, 2015, and the Superior Court affirmed this [c]ourt's decision on May 17, 2016. ***Commonwealth v. Buchter***, 151 A.3d 1150 (Pa.Super. 2016) (table). The Supreme Court denied [appellant's] petition for allowance of appeal on September 13, 2016. ***Commonwealth v. Buchter***, 157 A.[3]d 483 (Pa. 2016) (table).

[Appellant] filed a second ***pro se*** motion for post conviction collateral relief on October 3, 2016, and counsel was again appointed for him. On December 30, 2016, counsel sent a no merit letter[Footnote 8] to [appellant], with a copy to the [c]ourt, expressing his opinion that [appellant's] motion was untimely and that the court lacked jurisdiction to hear it. On January 9, 2017, and again on March 16, 2017, [appellant] filed ***pro se*** motions to re-appoint reliable counsel to amend the motion for post[-]conviction collateral relief, but he presented no new evidence which would affect counsel's conclusion. Counsel filed a brief response on April 5, 2017, reiterating the original no merit letter and noting that [appellant] had failed to present evidence to establish the [c]ourt's jurisdiction.

> [Footnote 8] ***Commonwealth v. Finley***, [] 550 A.2d 213 ([Pa.Super.] 1988).

After conducting its own review, the [c]ourt filed a Rule 907 notice on April 21, 2017, advising [appellant] of its intent to dismiss the motion and explaining the reasons for that decision. [Appellant] filed a ***pro se*** response which was docketed on May 26, 2017,[Footnote 9] in which he reasserted his claim that he was serving an illegal sentence and was entitled to relief under the United States Supreme Court's decision in ***Alleyne v. United States***, 570 U.S. [99] (2013). The [c]ourt entered an order dismissing [appellant's] motion for lack of jurisdiction and granting counsel leave to withdraw on June 21, 2017.

> [Footnote 9] Although this response was docketed after passage of the 20 days the [c]ourt had granted [appellant] to respond, it was treated as timely because it was post[-]marked May 9, 2017.

[Appellant] filed his ***pro se*** notice of appeal of that decision on July 20, 2017, and his concise

statement of errors complained of on appeal on August 3, 2017. In his concise statement of errors complained of on appeal, [appellant] raises five allegations of ineffective assistance of counsel against his original trial counsel, a claim that police violated his constitutional right not to be questioned outside the presence of his attorney and a claim that the [c]ourt had imposed an illegal sentence.

Trial court opinion, 9/7/17 at 1-3.

Appellant raises the following issues for this court's review:

I.      Was counsel ineffective for failure to properly (pre_trial [sic]) challenge a breach in the chain-of-custody regarding physical/DNA evidence used at trial[?]

II.     Counsel was ineffective for failure to challenge impeachment evidence regarding testimony of arresting officer[.]

III.    Counsel was ineffective for failure to challenge and/or assert exculpatory evidence offered by Doctor Julie Stover and RN Kimberly Sbarra regarding rape kit showing no evidence of sexual intercourse[.]

IV.     It was ineffective assistance of counsel for failure to challenge and/or suppress inculpatory statement made by [appellant] after invoking Fifth Amendment rights without benefit of **Miranda**[1] warnings, and/or statement being coerced[.]

V.      Counsel was ineffective for failure to introduce exculpatory evidence of daughter's statement averring actual innocense [sic] of [appellant.]

VI.     Counsel was ineffective for failure to examine material witness/alibi to [appellant's] innocense [sic][.]

---

[1]**Miranda v. Arizona**, 384 U.S. 436 (1966).

VII. Did the trial court impose an illegal sentence on [appellant] in violation of the double jeopardy clause, when the court abused it's [sic] discretion by seperately [sic] sentencing [appellant] to a consecutive five (5) years['] probation[?]

Appellant's brief at 2, 6 (capitalization omitted).

Subsequent PCRA petitions beyond a petitioner's first petition are subject to the following standard:

> A second or subsequent petition for post-conviction relief will not be entertained unless a strong ***prima facie*** showing is offered to demonstrate that a miscarriage of justice may have occurred. ***Commonwealth v. Allen***, 732 A.2d 582, 586 (Pa. 1999). A ***prima facie*** showing of entitlement to relief is made only by demonstrating either that the proceedings which resulted in conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or the defendant's innocence of the crimes for which he was charged. ***Id.*** at 586. Our standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error. ***Commonwealth v. Jermyn***, 709 A.2d 849, 856 (Pa. 1998).
>
> A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment of sentence becomes final. 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S.[A.] § 9543(b)(3). PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy. ***Commonwealth v. Fahy***, 737 A.2d 214 (Pa. 1999). Accordingly, the "period

for filing a PCRA petition can be extended only if the PCRA permits it to be extended, *i.e.*, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar. *Id.* at 222.

*Commonwealth v. Ali*, 86 A.3d 173, 176-177 (Pa. 2014), *cert. denied*, 135 S.Ct. 707 (2014). Before addressing appellant's issues on the merits, we must first determine if we have jurisdiction to do so.

As noted above, a PCRA petitioner has one year from the date his or her judgment of sentence becomes final in which to file a PCRA petition. This court has held the following regarding when a judgment becomes final:

> The plain language of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or when the time seeking direct review expires. *See* 42 Pa.C.S.A. § 9545(b)(3). In fixing the date upon which a judgment of sentence becomes final, the PCRA does not refer to the conclusion of collateral review or the time for appealing a collateral review determination. Thus, the plain language of the PCRA statute shows that a judgment of sentence becomes final immediately upon expiration of the time for seeking direct review, even if other collateral proceedings are still ongoing. As this result is not absurd or unreasonable, we may not look for further manifestations of legislative intent. *See Commonwealth v. Hall*, 80 A.3d 1204, 1211 (Pa. 2013) (internal quotation marks omitted) (We may "look beyond the plain language of the statute only when words are unclear or ambiguous, or the plain meaning would lead to a result that is absurd, impossible of execution, or unreasonable.").

*Commonwealth v. Callahan*, 101 A.3d 118, 122 (Pa.Super. 2014).

In the instant case, the trial court sentenced appellant on April 17, 2012. He filed a direct appeal to this court. This court affirmed the

judgment of sentence on April 5, 2013. ***Commonwealth v. Buchter***, 75 A.3d 546 (Pa.Super. 2013). Appellant did not petition for allowance of appeal with the Pennsylvania Supreme Court. Accordingly, appellant's judgment of sentence became final on May 6, 2013.[2] Appellant filed the instant petition on October 3, 2016, more than three years after his judgment became final and more than two years after a PCRA petition could be considered timely. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

As noted above, the PCRA does enumerate exceptions to the one-year requirement. A petitioner may file a petition under the PCRA after one year has passed from the final judgment of sentence for any of the following reasons:

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

---

[2] Normally, the deadline would be May 5, 2013. However, May 5, 2013 was a Sunday. The deadline to file an allocator petition is extended to the next business day. 1 Pa.C.S.A. § 1908.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Section 9545 also mandates that any petition filed under these exceptions must be filed within 60 days of the date the claim could have been presented. *Id.* at § 9545(b)(2).

Here, appellant fails to demonstrate any of the exceptions to the PCRA time-bar. In the first six issues appellant brings to this court for its review, appellant asserts that his trial counsel was ineffective for various reasons. These issues address the substantive question of whether he is entitled to relief under the PCRA but do not address whether he meets an exception to the time bar.

In his remaining issue appellant contends that the trial court imposed an illegal sentence because he was sentenced to a mandatory minimum sentence in violation of *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016) which applied *Alleyne v. United States*, 570 U.S. 99 (2013), on a direct appeal. He also states that the imposition of a five-year probationary sentence was illegal because it made his sentence eight months over the maximum sentence that could have been issued, that the consecutive five-year probationary term was illegal because a mandatory sentence had already been imposed, and that he was sentenced twice for the same offense with a term of confinement and a term of probation.

To the extent appellant is arguing that his sentence is illegal, this claim does not allow him to skirt the timeliness requirement. "[E]ven claims that a sentence was illegal, an issue deemed incapable of being waived, are not

beyond the jurisdictional time restrictions." ***Commonwealth v. Grafton***, 928 A.2d 1112, 1114 (Pa.Super. 2007), citing ***Fahy***, 737 A.2d 214 (Pa. 1999); ***Commonwealth v. Beck***, 848 A.2d 987 (Pa.Super. 2004). Therefore, appellant's illegal sentencing claim does not operate as an independent exception to the PCRA's jurisdictional time-bar. Furthermore, with respect to ***Alleyne***, the Pennsylvania Supreme Court determined in ***Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016), that ***Alleyne*** does not apply retroactively to cases pending on collateral review. Therefore, we find that appellant failed to establish that he met an exception to the timeliness requirements of the PCRA.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2018