J. S58044/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
DEAN LEROY CUSTER, : No. 803 WDA 2018
:
Appellant :

Appeal from the PCRA Order, April 17, 2018,
in the Court of Common Pleas of Mercer County
Criminal Division at No. CP-43-CR-0001279-2003

BEFORE: OLSON, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED NOVEMBER 1, 2018**

Dean Leroy Custer appeals *pro se* from the order filed in the Court of Common Pleas of Mercer County that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The procedural history as set forth by a previous panel of this court is as follows:

> On May 12, 2004, [a]ppellant was convicted of numerous counts of rape, involuntary deviate sexual intercourse (IDSI), and other related sexual assault charges.[1] On October 28, 2004, [a]ppellant was sentenced to thirty to sixty years' imprisonment to be followed by sixty years' probation. This Court affirmed the judgment of sentence and our state

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3121(a)(2), 3121(a)(6), 3123(a)(1), 3123(a)(2), now 3123(b), and 3123(a)(7), respectively.

> Supreme Court denied [a]ppellant's petition for allowance of appeal on September 12, 2006.

*Commonwealth v. Custer*, 169 A.3d 1175 (Pa.Super. 2017) (Unpublished memorandum) at 1.

Appellant filed three prior PCRA petitions that were denied. In the third petition, this court affirmed the denial as the petition was untimely and did not qualify under any of the exceptions to timeliness because *Alleyne v. United States*, 570 U.S. 99 (2013) does not apply retroactively to cases on collateral review. *Custer* at 2, 5-6.

While appellant's third PCRA petition was on appeal to this court, appellant filed a fourth PCRA petition on November 7, 2016. Appellant conceded that his petition was untimely but alleged that his petition met an exception to the timeliness requirement because the Supreme Court of Pennsylvania and this court had ruled that mandatory sentencing was unconstitutional and that these cases were previously unknown to him.

On November 10, 2016, the PCRA court stayed action on the fourth petition until this court ruled on appellant's appeal from his third PCRA petition. On December 7, 2017, the PCRA court lifted the stay after this court affirmed the dismissal of the third PCRA petition and our supreme court denied appellant's petition for allowance of appeal. *Commonwealth v. Custer*, 170 A.3d 1010 (Pa. 2017).

On March 26, 2018, the PCRA court informed appellant of its intent to dismiss the PCRA petition. On April 9, 2018, appellant filed an amended

petition and alleged that he satisfied "one and/or two" of the exceptions to the PCRA time-bar. (Amended Petition, 4/9/18 at 3.) By order dated April 17, 2018, the PCRA court dismissed the PCRA petition.

On May 3, 2018, appellant filed a notice of appeal. On June 13, 2018, the trial court issued an order that stated that it was not filing an additional opinion and referred to the order dated April 17, 2018.

Appellant raises the following issues for this court's review:

1. Whether [the PCRA] court arred [sic] by sentencing [appellant] to illegal mandatory minimum sentences of 30-60 [years] of incarceration. Then imposed a second illegal sentence of 60 [years] of probation after incarceration[?]

2. Whether [the PCRA] court had the right to knowingly appoint effective countsel [sic] that withdrew numerous times[?]

3. Whether D.A. Karson Jr. had the right to assign [sic] himsalf [sic] to [appellant's] PCRA after being prosecuted by PA state attorney general for obstructing of administration of law, hindering apprehension of prosecution 17 second degree charges[?]

4. Whether D.A. Karson, Jr., P.d. [sic] Davis, Pd [sic] Bogaty, X-A.D.A. [sic] [M]c[E]wen, and retired Judge Reed all commited [sic] governmental interference by noncomplyence [sic] to [appellant's] letters dated from 6-27 through 6-30-17 and 8-15-17 in researching [appellant's] P.S.I. report[?]

5. Whether [the] trial court properly sentenced [appellant] without use of PSI report[?]

Appellant's brief at 3-4.[2]

All PCRA petitions must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Supreme Court of Pennsylvania has held that the PCRA's time restriction is constitutionally sound. *Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. *Commonwealth v. Callahan*, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); *see also Commonwealth v. Wharton*, 886 A.2d 1120 (Pa. 2005).

Here, the trial court sentenced appellant on October 28, 2004. After this court affirmed, our supreme court denied appellant's petition for allowance of appeal on August 23, 2006. *Commonwealth v. Custer*, 905 A.2d 499 (Pa. 2006). Appellant did not seek further review with the Supreme Court of the United States. Consequently, appellant's sentence became final on November 21, 2006, after the ninety-day period in which he

---

[2] Although the pages of appellant's brief are not numbered, we have numbered the pages in order to facilitate locating the applicable pages.

was allowed to seek review with the Supreme Court of the United States expired. **See** 42 Pa.C.S.A. § 9543(b)(3); U.S. Sup.Ct. R. 13(1). Appellant needed to file his PCRA petition by November 21, 2007. This petition, filed on November 7, 2016, is facially untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant pleads and proves that he meets one of the following exceptions to the time requirement:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Section 9545 also mandates that any petition filed under these exceptions must be filed within 60 days of the date the claim could have been presented. **Id.** at § 9545(b)(2).

With respect to the issue of whether the PCRA petition was untimely, appellant asserts that he received a mandatory minimum sentence which was unconstitutional based on **Alleyne v. United States**, 570 U.S. 99

(2013), that constitutional issues cannot be waived or time barred, and that mandatory minimum sentences were not ruled unconstitutional until 2016.

To the extent appellant is arguing that his sentence is illegal, this claim does not allow him to skirt the timeliness requirement. "[E]ven claims that a sentence was illegal, an issue deemed incapable of being waived, are not beyond the jurisdictional time restrictions." ***Commonwealth v. Grafton***, 928 A.2d 1112, 1114 (Pa.Super. 2007), citing ***Commonwealth v. Fahy***, 737 A.2d 214 (Pa. 1999); ***Commonwealth v. Beck***, 848 A.2d 987 (Pa.Super. 2004). Therefore, appellant's illegal sentencing claim does not operate as an independent exception to the PCRA's jurisdictional time-bar. Furthermore, as this court already stated when it affirmed the dismissal of his prior petition, the Pennsylvania Supreme Court determined in ***Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016), that ***Alleyne*** does not apply retroactively to cases pending on collateral review.

Therefore, we find that appellant failed to plead or prove that he met an exception to the timeliness requirements of the PCRA.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/1/2018

- 6 -