J-S03013-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                  PENNSYLVANIA
:
v.                                        :
:
:
LOUIS ALLEN KOHL                          :
:
Appellant            :      No. 871 MDA 2025

Appeal from the PCRA Order Entered June 2, 2025
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0000644-2020

BEFORE:  DUBOW, J., BECK, J., and LANE, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: MARCH 18, 2026**

Appellant, Louis Allen Kohl, appeals *pro se* from the June 2, 2025 order
entered in the Lancaster County Court of Common Pleas dismissing his petition
filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-
46, as untimely.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On June 7,
2021, Appellant pleaded guilty to numerous sexual offenses against a minor
victim.  That same day, the trial court sentenced him to an aggregate term of
10 to 20 years of incarceration and ordered a Sexually Violent Predator
("SVP") assessment.  On March 23, 2022, the trial court entered an order
classifying Appellant as an SVP.  Appellant did not file any post-sentence
motions or a direct appeal from his judgment of sentence.

On May 18, 2022, Appellant filed a timely first PCRA petition, which the
PCRA court dismissed as meritless.  Appellant appealed to this Court, and we

dismissed the appeal owing to Appellant's failure to file a docketing statement as required by Pa.R.A.P. 3517. *See Commonwealth v. Kohl*, No. 1647 MDA 2023 (Pa. Super. filed Feb. 5, 2024).

On January 21, 2025, Appellant *pro se* filed the instant PCRA petition, his second, in which he raised numerous claims, including that his plea/SVP hearing counsel had been ineffective for failing to notify him that he had a right to appeal from the court's order designating him an SVP, to request the appointment of an expert to provide evidence that Appellant is not an SVP, and to request transcription of the notes of testimony from the hearing. Appellant conceded that the petition was untimely and invoked the governmental interference exception to the PCRA's one-year jurisdictional time bar. In particular, Appellant asserted that the trial court failed to inform him of his right to appeal from the SVP designation, resulting in governmental interference, and, in support, claimed that "the SVP hearing notes of testimony were not transcribed until June 12, 2024[,] and [Appellant] was not informed of his right to appeal at the March 23, 2022[] SVP hearing." Petition at 3.

On March 4, 2025, the PCRA court notified Appellant of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 because the petition was untimely and Appellant had not satisfied any of the exceptions to the PCRA's time-bar. On March 27, 2025, Appellant filed an amended PCRA petition. With respect to his contention that governmental interference excused his untimely filing, he reasserted the allegations set forth

in the petition and added that "the trial court asked [him] after sentencing [] if he read and understood all the rights he has to appeal after today [*sic*]" and that in March 2024, a fellow inmate informed him that the "trial court erred when it told [him] that [he] could appeal from the order sentencing [him] to 10 to 20 years in prison[]" and that Appellant "should make a request to the court reporter to transcribe the notes from the 3/23/22[] SVP hearing." Amended Petition, 3/27/25, at 3.

On June 2, 2025, the PCRA court dismissed Appellant's amended petition as untimely.

This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> Whether the [PCRA] court erred when it held that the interference by governmental officials exception to the one year time limit has been alleged or proved by [Appellant], since [Appellant] failed to explain why, without the exercise of due diligence, [Appellant] did not ascertain the governmental interference earlier, which is a requirement that does not appear in the exception statute, the interference being that the trial court failed to inform [Appellant] that he had the right to appeal from the 3/23/22[] order determining [Appellant] to be an SVP, even though Pa.R.Crim.P. 704 required [Appellant] be advised of his right to appeal, and [Appellant] had the statutory right to appeal, at that time, resulting in a breakdown in the judicial system.

Appellant's Br. at 2.[1]

---

[1] The Commonwealth did not file a brief as appellee.

Appellant challenges the trial court's determination that he failed to plead and prove the applicability of the governmental interference exception to the PCRA's time-bar.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal conclusions." **Commonwealth v. Smith**, 167 A.3d 782, 787 (Pa. Super. 2017).

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008). Pennsylvania law is clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003). In order to obtain relief under the PCRA, a petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant concedes that his petition, filed nearly three years after his judgment of sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.

*Id.* § 9545(b)(2). Appellant argues that his claims satisfy the governmental interference exception provided in Section 9545(b)(1)(i). Appellant's Br. at 8-10.

The governmental interference exception invoked by Appellant requires the petitioner to prove that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S. § 9545(b)(1)(i); *see also Commonwealth v. Vinson*, 249 A.3d 1197, 1205 (Pa. Super. 2021) (explaining that to establish the government interference exception under Section 9545(b)(1)(i), "a petitioner must plead and prove (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence.").

Due diligence requires a petitioner to make reasonable efforts to uncover facts that may support a claim for collateral relief. *Commonwealth v. Brensinger*, 218 A.3d 440, 448-49 (Pa. Super. 2019) (*en banc*). A petitioner must explain why he could not have learned the new facts earlier by exercising due diligence. *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001).

Here, the PCRA court found that

> [a]ssuming *arguendo*, that the failure to advise [Appellant] of his appellate rights constitutes governmental interference, [Appellant] altogether fails to explain why, 'with the exercise of

due diligence, he did not ascertain this alleged interference of governmental officials earlier and seek redress in his prior PCRA petition.'

PCRA Ct. Op., 10/14/25, at 7.

We will not, as the PCRA court did, assume *arguendo* that Appellant's claim that the trial court's failure to advise him of his appellate rights after it designated him an SVP constituted governmental interference that would excuse the untimely filing of the instant PCRA petition. Rather, we note that this Court has, in fact, reached the opposite conclusion—that the failure of the trial court to apprise a defendant of his post-sentence rights **is not** an error that "would transcend the jurisdictional parameters of the PCRA[.]" *Commonwealth v. Grafton*, 928 A.2d 1112, 1114 (Pa. Super. 2007) (emphasis added). This means here that, even if the trial court failed to inform Appellant of his right to appeal from his designation as an SVP, this failure does not constitute governmental interference for purposes of pleading and proving an exception to the PCRA's time-bar. We, thus, conclude that Appellant has not satisfied the governmental interference exception to the PCRA's time-bar, and the PCRA court did not err in dismissing his petition as untimely.[2]

---

[2] *See Commonwealth v. Miller*, 787 A.2d 1036, 1038 (Pa. Super. 2001) (reiterating the general rule that "if a trial court's decision is correct, we may affirm on any ground.").

Order affirmed.
Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/18/2026