J. S91006/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                           :           PENNSYLVANIA
                     v.                 :
                                           :
KURT MICHAEL DANYSH,          :         No. 1068 MDA 2016
                                           :
              Appellant      : 

Appeal from the Order Entered May 31, 2016,
in the Court of Common Pleas of Susquehanna County
Criminal Division at No. CP-58-CR-0000132-1996

BEFORE: FORD ELLIOTT, P.J.E., RANSOM, J. AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED FEBRUARY 27, 2017**

Kurt Michael Danysh appeals **pro se** from the PCRA court's May 31, 2016 order indicating that it lacked jurisdiction to grant or deny his January 15, 2010 "Motion for Modification of Sentence (**nunc pro tunc**) on Ground of After-Discovered Evidence," and his subsequent March 30, 2015 "Addendum" thereto. Appellant was sentenced on November 20, 1997, and his filing was, in actuality, an untimely serial petition brought under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.[1] After careful review, we affirm.

---

\* Former Justice specially assigned to the Superior Court.

[1] Pennsylvania courts have consistently held that "the PCRA is intended to be the sole means of achieving post-conviction relief." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa.Super. 2013). **See also Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa.Super. 2011), **appeal denied**, 47 A.3d 845

The relevant facts and extensive procedural history of this case were summarized by a prior panel of this court, and need not be reiterated here. *See Commonwealth v. Danysh*, 988 A.2d 717 (Pa.Super. 2009) (unpublished memorandum at 1-3). In sum, on October 9, 1997, appellant entered a negotiated guilty plea to third-degree murder[2] after he admitted to shooting his father in the back of the head and stealing $31 from him. The trial court sentenced appellant on November 20, 1997, to an aggregate term of 22½ to 60 years' imprisonment. On April 7, 1999, a panel of this court affirmed appellant's judgment of sentence, and appellant did not file a petition for allowance of appeal with our supreme court. *See Commonwealth v. Danysh*, 738 A.2d 1049 (Pa.Super. 1999) (unpublished memorandum).

Thereafter, appellant embarked on what this court characterized as "a decade long odyssey in pursuit of post-sentence relief, *pro se* as well as counseled." *See Commonwealth v. Danysh*, 113 A.3d 341 (Pa.Super. 2014), *appeal denied*, 632 Pa. 668 (Pa. 2015) (unpublished memorandum

---

(Pa. 2012) (stating that, "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition[]"); *Commonwealth v. Grafton*, 928 A.2d 1112, 1114-1115 (Pa.Super. 2007) (holding that motion to modify sentence was appropriately reviewed as a PCRA petition); *Commonwealth v. Evans*, 866 A.2d 442, 443-444 (Pa.Super. 2005) (holding that under certain circumstances, an untimely post-sentence motion may be considered a PCRA petition).

[2] 18 Pa.C.S.A. § 2502(c). The record reflects that appellant also entered an open guilty plea to one count of robbery, 18 Pa.C.S.A. § 3701.

at 2.)  Ultimately, on May 31, 2016, the PCRA court entered an order that indicated that it was without jurisdiction to grant or deny relief on appellant's motion to modify his sentence, and effectively disposed of the instant serial petition.  Appellant filed a timely **pro se** notice of appeal from this order on June 30, 2016.  The PCRA court did not order appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b).  On September 21, 2016, the PCRA court filed a three-page "Statement in Lieu of an Opinion," concluding that appellant's PCRA petition was untimely and that it "is without jurisdiction to either grant or deny [appellant's] Motion for Modification of Sentence (**Nunc Pro Tunc**) on Ground of After-Discovered Evidence."  (PCRA court "Statement in Lieu of an Opinion," 9/21/16 at 3.)[3]

On appeal, appellant challenges the PCRA court's determination that it lacked jurisdiction to address his January 15, 2010 motion to modify his sentence and subsequent March 30, 2015 addendum to said motion. (Appellant's brief at 2.)  Appellant contends that he is entitled to an exception to the PCRA time-bar on the basis of after-discovered evidence; namely, that pharmaceutical company Eli Lilly concealed that one of the side effects of Prozac was aggressive and violent behavior.  (**Id.** at 10.) Appellant maintains that his sentence should be modified based on this

---

[3] We note that the PCRA court's September 21, 2016 "Statement in Lieu of an Opinion" does not contain pagination; however, for the ease of our discussion, we have assigned each page a corresponding number.

after-discovered mitigating evidence. (*Id.* at 11-14.) For the following reasons, we disagree.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

Initially, our review of appellant's petition reveals that he has failed to raise a cognizable claim under the PCRA. In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors set forth in 42 Pa.C.S.A. § 9543(a)(2)(i)-(viii).

Instantly, appellant's allegations concerning the court's purported refusal to modify his sentence based on after-discovered mitigating evidence does not fall within any of the cognizable bases for relief under Section 9543(a)(2) of the PCRA. *See Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa.Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008)

(holding that challenges to the discretionary aspects of a sentence, such as those presented here, are not cognizable under the PCRA). Nor does appellant challenge the legality of his sentence or contend that the sentence imposed exceeded the lawful maximum. Accordingly, we agree that the PCRA court is without jurisdiction in this matter.

Additionally, even if appellant had raised a legality of sentence claim, it would still have to be brought in a timely PCRA petition. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (although legality of sentence is always subject to review within PCRA, claims must still first satisfy the PCRA's time limits or a statutory exception).

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." **Id.** § 9545(b)(3). If a PCRA petition is untimely, a court lacks jurisdiction over the petition. **Commonwealth v. Callahan**, 101 A.3d 118, 120-121 (Pa.Super. 2014).

Here, it is undisputed that appellant's instant petition is patently untimely. As noted, appellant was sentenced to an aggregate term of 22½ to 60 years' imprisonment on November 20, 1997. On April 7, 1999, a panel of this court affirmed appellant's judgment of sentence. **See**

*Commonwealth v. Danysh*, 738 A.2d 1049 (Pa.Super. 1999) (unpublished memorandum). Thus, appellant's judgment of sentence became final on May 7, 1999, 30 days after this court affirmed the judgment of sentence, and appellant failed to seek leave to appeal to the Pennsylvania Supreme Court. *See* Pa.R.A.P. 1113(a); 42 Pa.C.S.A. § 9545(b) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"). Appellant filed the instant serial PCRA petition on January 15, 2010, and amended it on March 30, 2015. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time bar, as set forth in Section 9545(b)(1). *See Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa.Super. 2014).

The three exceptions to the PCRA time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa.Super. 2012), citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Appellant bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). In addition, a petition invoking any of the timeliness

exceptions must be filed within 60 days of the date the claim first could have been presented. ***Id.*** § 9545(b)(2).

Here, our review of the record reveals that appellant failed to present his "after-discovered evidence" exception within 60 days of the date the claim could have been presented. Appellant acknowledges that he became aware of the possible violent side effects of Prozac as early as January 5, 2005, and therefore, he was required to raise this claim within 60 days of that date. ***See*** 42 Pa.C.S.A. § 9545(b)(2); ***see also*** "Motion for Modification of Sentence (***nunc pro tunc***) on Ground of After-Discovered Evidence," 1/15/10; appellant's brief at 20. He failed to do so. Accordingly, appellant's claim, even if cognizable under the PCRA, would be waived.

For all of the foregoing reasons, we find that the PCRA court lacked jurisdiction to consider the merits of appellant's petition. Accordingly, we affirm the May 31, 2016 order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2017

- 7 -