J-S50016-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
 :         PENNSYLVANIA
 :
         v.              :
 :
 :
JOHN R. MAJOR, JR.        :
 :
      Appellant      :   No. 1800 WDA 2017

Appeal from the Order Entered November 15, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0005251-2011

BEFORE:  BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY OTT, J.:                        FILED OCTOBER 15, 2018

John R. Major, Jr., pro se, appeals from the order entered November 15, 2017, denying his November 1, 2017 post-sentence motion.  Major filed the post-sentence motion from his August 25, 2017, resentencing.[1]  Based on the following, we vacate the November 15, 2017 order and remand to the trial court to treat Major's untimely post-sentence motion, filed November 1, 2017, as a first PCRA[2] petition for collateral relief from the August 25, 2017 judgment of sentence.

_____

[1] The trial court resentenced Major to 26 to 52 years' imprisonment, after it granted partial relief on Major's PCRA petition from the original sentence entered on June 11, 2012.  The court granted this partial relief in an order dated July 17, 2017.  The court denied Major's remaining PCRA claims from the original sentence in a separate order dated August 28, 2017.  Major did not appeal this order.

[2]  Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546.

The parties are well acquainted with the underlying facts of this case, and, therefore, we have no reason to restate them. See Commonwealth v. Major, 102 A.3d 540 (Pa. Super. 2014) (unpublished memorandum) (affirming Major's judgment of sentence on the basis of the trial court opinion); Trial Court Opinion, 7/15/2013, at 4-7.

On March 6, 2012, a jury found Major guilty of: involuntary deviate sexual intercourse ("IDSI") with a person less than 16 years old; incest; aggravated indecent assault with complainant less than 16 years old; statutory sexual assault; endangering welfare of children where a parent, guardian, or other commits the offense, charged as a felony of the third degree; endangering welfare of children where a parent, guardian, or other commits the offense, charged as a misdemeanor of the first degree; corruption of minors; indecent exposure; terroristic threats causing serious public inconvenience; indecent assault against a person less than 16 years old; resisting arrest; simple assault; recklessly endangering another person; and disorderly conduct engaging in fighting.[3] On June 11, 2012, Major received an aggregate sentence of 26 to 52 years of confinement.

Major filed a direct appeal, challenging the sufficiency of the evidence for his conviction for resisting arrest and challenging the discretionary aspects

_____

[3] 18 Pa.C.S. §§ 3123(a)(7), 4302, 3125(a)(8), 3122.1, 4304(a)(1) [F3], 4304(a)(1) [M1], 6301(a)(1), 3127(a), 2706(a)(3), 3126(a)(8), 5104, 2701(a)(3), 2705, and 5503(a)(1), respectively.

of his sentences for incest and simple assault. This Court affirmed the judgment of sentence on April 23, 2014. Major, 102 A.3d 540. Major did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania.

On April 3, 2015, Major filed pro se a timely PCRA petition. On April 8, 2015, the PCRA court appointed counsel to represent Major and ordered counsel to file an amended PCRA petition. On January 20, 2016, PCRA counsel filed an amended PCRA petition, contending that Major's sentence for IDSI was illegal because it included an unconstitutional mandatory minimum sentence. On February 4, 2016, Major filed a pro se motion for removal of counsel. On September 30, 2016, the PCRA court held a Grazier[4] hearing and granted Major's request to represent himself. The PCRA court ordered Major to file a second amended PCRA petition, and Major complied on February 8, 2017.

By order dated July 14, 2017, and entered July 17, 2017, the PCRA court granted PCRA relief in the form of a resentencing hearing, and notified Major pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Major's remaining PCRA claims without a hearing ("July 17th Order"). On August 2, 2017, Major filed objections to the PCRA court's Rule 907 notice.

_____

[4] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

On August 24 and 25, 2017, the trial court held a resentencing hearing.[5] During the hearing, upon questioning by the trial court, Major reaffirmed he was waiving court-appointed counsel to represent him and also waiving standby counsel to assist him. See N.T. 8/24-25/2017, at 3-4; 122-123.

On August 25, 2017, the trial court resentenced Major to 26 to 52 years of confinement. At the resentencing hearing, the trial court advised Major that "you do have, once again, your post-sentence and appellate rights." Id. at 154. The trial judge asked Major if he would like her to review those rights, or whether he recalled them from before. Major replied he did recall them from before. The trial judge asked again, because Major was unrepresented, was he certain he did not want her to review them with him. Major answered he was aware of what they were. See id. at 154-155. See also id. at 164. Additionally, the trial judge reminded Major that those rights "are contained within the transcript of the original sentence, which you have." Id. at 155.

By order dated August 25, 2017, and entered August 28, 2017, the PCRA court dismissed the remaining PCRA claims ("August 28th Order"). The August 28th Order advised Major he had the right to appeal the dismissal of the PCRA order within 30 days of the date of the order.

_____

[5] We note that sentencing "is a trial function, not a collateral proceeding function." Commonwealth v. Gaines, 127 A.3d 15, 17 (Pa. Super. 2015) (en banc) (plurality).

- 4 -

Thereafter, on November 1, 2017, Major filed a post-sentence motion.[6] In the post-sentence motion, Major contended the trial court showed bias toward him by issuing an unreasonable and excessive sentence, and the trial court erred in resentencing him to registration under Megan's Law III. See Major's Post-Sentence Motion, 11/1/2017. By order dated November 13, 2017, and entered November 15, 2017, the trial court denied the post-sentence motion. On November 30, 2017, Major filed this appeal.[7, 8]

Preliminarily, it is important to point out the hybrid nature of the claims raised in this appeal. In this appeal, Major raises both sentencing and PCRA claims, as follows:

I.  Did the prosecution in this case engage[] in systematic prosecutorial misconduct that violated [Major]'s Fifth and Fourteenth Amendments of the United States Constitution, in

_____

[6] The filing was entitled "Amended Post-Sentence Motions in Accordance with Pa.R.Crim.P. Rule 720(b)." However, no prior post-sentence motion is entered on the docket and this Court's Prothonotary confirmed with the Allegheny County Clerk of Courts that no post-sentence motion was filed prior to this "amended" one. Therefore, despite its title, this filing constitutes the first and only post-sentence motion following Major's resentencing. Additionally, we note that while the post-sentence motion was entered on the docket and timestamped on November 1, 2017, the handwritten date on the accompanying certificate of service is October 29, 2017.

[7] The notice of appeal was docketed November 30, 2017; the proof of service for the notice of appeal was hand-dated November 22, 2017.

[8] On November 30, 2017, the trial court ordered Major to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days of the date of the order, and Major complied on December 19, 2017.

which its sole purpose was to deny [Major] due process and a fair trial? [9]

II.    Was trial counsel in this case ineffective for refusing to provide an adequate defense that violate[d] the Cronic[10] standard for effective assistance of counsel, as counsel failed to function in any meaningful sense as the government's adversary and that there was a breakdown of the adversarial process during trial?

III.    Was trial counsel ineffective due to an actual conflict of interest that led to an obvious lack of advocacy as [Major]'s co-counsel represented a key prosecution witness in a prior proceeding that was directly related to [Major]'s criminal case?

IV.    Was trial counsel ineffective for failing to investigate, interview and call character and fact witnesses at trial?

V.    Did the trial court show bias and prejudice at trial, sentencing and resentencing when it sentenced [Major] to a sentence that was unreasonable, excessive, violated the Eighth Amendment prohibition against cruel and unusual punishment, and was tantamount to a life sentence?

VI.    Did the trial court err[] when it resentenced [Major] to Megan's Law III after Megan's Law III and SORNA were deemed to be unconstitutional?

Major's Brief at 4.

Based on our review of the record in this case, we conclude the trial court improperly denied Major's post-sentence motion, as the trial court should have treated the motion as a timely, first PCRA petition for collateral

_____

9  We note Major could have challenged alleged prosecutorial misconduct in his direct appeal, but he failed to do so.  See 42 Pa.C.S. § 9544(b) ("For purposes of [the PCRA], an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

10  United States v. Cronic, 466 U.S. 648 (1984).

relief from the August 25, 2017 resentencing. We further conclude Major's non-sentencing/PCRA claims are not properly before us in this appeal.

As discussed above, on August 25, 2017, the trial court held a resentencing hearing and resentenced Major. That same day, the trial court also entered a written sentencing order. However, Major did not file a post-sentence motion until November 1, 2017 (or October 29, 2017, giving Major the benefit of the handwritten date on the accompanying certificate of service).

Our Rules of Criminal Procedure require that "[a] written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(A)(1). As such, Major's post-sentence motion was due by September 5, 2017.[11] Consequently, his November 1, 2017, post-sentence motion was untimely by almost two months.[12]

Major, however, states in the post-sentence motion that his motion is timely filed because he was not transferred back to SCI-Greene until October 2, 2017, and he did not receive the sentencing transcript until October 23, 2017. We find, however, that this argument is unavailing since the record

_____

[11] Ten days after August 25, 2017 was September 4, 2017, which was Labor Day. The next business day was September 5, 2017. See 1 Pa.C.S. § 1908.

[12] Neither the trial court nor the Commonwealth addressed the untimeliness of Major's post-sentence motion.

evidences no request by Major for any extension of time to file a post-sentence motion when he was returned to SCI – Greene.[13]

Because Major's post-sentence motion was untimely, his motion should have been treated as a PCRA petition. In Commonwealth v. Jackson, 30 A.3d 516 (Pa. Super. 2011), this Court stated "the PCRA is the 'sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose[.]'" Id. at 518, quoting 42 Pa.C.S. § 9542. Further, this Court reiterated well-settled law that "any petition [or motion] filed after the judgment of sentence becomes final will be treated as a PCRA petition." Id. at 521, quoting Commonwealth v. Johnson, 803 A.2d 1291, 1293 (Pa. Super. 2002).[14]

_____

[13] At the August 24-25, 2017 sentencing hearing, the trial judge twice offered to review Major's post-sentence and appellate rights, and Major told the trial judge he was aware of his rights. See N.T., 8/24-25/2017, at 154-155. Later in the hearing, Major requested the trial judge to order copies of transcripts of the resentencing proceeding and the September 30, 2016 Grazier hearing for him, as he was indigent. The trial judge granted that request. See id. at 163-164. The trial judge then asked Major, "Again, you understand you post-sentence and appellate rights?" and Major responded "Yes, Your Honor." Id. Major also asked the trial judge to issue a transportation order to return him to SCI-Greene. Major stated, "I have to start on, obviously, my appellate procedures, and I cannot do so from here, and I only have a limited amount of time to do so." Id. at 165. The trial judge granted Major's request for a transportation order but advised Major, "when they transport I can't promise." Id. As stated above, Major made no request for an extension of time to file a post-sentence motion following the resentencing hearing.

[14] See also Commonwealth v. Taylor, 65 A.3d 462 (Pa. Super. 2013) (indicating the court erred in treating the appellant's habeas corpus motion as

Here, Major was resentenced on August 25, 2017, and his judgment of sentence became final 30 days later when the time for filing an appeal to this Court expired. See Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3). Therefore, his judgment of sentence became final on Monday, September 25, 2017.[15] Because Major's motion was filed within one year of the date the judgment of sentence became final, it should have been treated as a timely, first PCRA petition for collateral relief from the August 25, 2017 resentencing.

Moreover, because Major's pro se motion was the first request for PCRA relief following his resentencing, he is entitled to appointment of counsel. See Commonwealth v. Evans, 866 A.2d 442, 446 (Pa. Super. 2005) ("[A]n indigent petitioner seeking relief under the PCRA is entitled to the mandatory appointment of counsel. While this entitlement may be waived, petitioner may do so only after addressing his entitlement to appointed counsel with the PCRA court.").

Finally, we address the PCRA issues raised in this appeal. In this regard, it bears emphasis that a "PCRA court's order granting relief with regard to sentencing and denying all other claims [is] a final appealable order" even if

_____

a motion to modify sentence under Pa.R.Crim.P. 720 rather than a PCRA petition); Commonwealth v. Grafton, 928 A.2d 1112 (Pa. Super. 2007) (treating motion to modify sentence under extraordinary circumstances as a PCRA petition); Commonwealth v. Kutnyak, 781 A.2d 1259, 1261 (Pa. Super. 2001) (treating pro se motion as post-conviction relief petition "regardless of the manner in which the petition is titled").

[15] See 1 Pa.C.S. § 1908.

resentencing has not yet occurred. Commonwealth v. Grove, 170 A.3d 1127, 1138 (Pa. Super. 2017), appeal denied, 185 A.3d 967 (Pa. 2018).

Here, there were two separate PCRA orders, one granting PCRA relief as to sentencing (July 17th Order), and one denying relief on the remaining PCRA claims (August 28th Order). As such, all of the requirements for a final appealable order according to Grove were fulfilled when the PCRA court entered the August 28th Order, which disposed of all the remaining claims in Major's PCRA petition. Moreover, resentencing had occurred by the time the August 28th Order was entered by the PCRA court.

As mentioned above, the August 28th Order advised Major he had 30 days within which to file an appeal. Major did not appeal this order. As such, any non-sentencing/PCRA issues related to the August 28th Order have been waived. The only viable issues are sentencing issues related to the August 25, 2017 resentencing which, as we have explained, are subject to the PCRA.

Accordingly, we vacate the order denying Major's post-sentence motion and remand for the appointment of counsel (should Major desire) and further proceedings under the PCRA consistent with this memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2018