J. S17039/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
v.   :
  :
MELVIN GREEN,   :   No. 1561 EDA 2018
  :
Appellant   :

Appeal from the PCRA Order, April 19, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0001227-2009

BEFORE: BENDER, P.J.E., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED MAY 16, 2019**

Melvin Green appeals *pro se* from the April 19, 2018 order entered in

the Court of Common Pleas of Philadelphia County dismissing his petition filed

pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-

9546. We affirm.

The PCRA court set forth the following procedural history:

> On November 2, 2008, [appellant] was arrested and
> charged with rape, incest, and other charges related
> to the sexual assault of his biological sister. On
> July 21, 2010, [appellant] entered into a negotiated
> plea on the single charge of sexual assault[1] which
> included a sentence of 4 to 8 years['] state
> incarceration. Sentencing was deferred for an
> assessment by the Sexual Offender Assessment
> Board. On December 13, 2010, [appellant] filed a
> motion to withdraw his guilty plea. On January 24,
> 2011, the Honorable Thomas Dempsey held a hearing

---

[1] 18 Pa.C.S.A. § 3124.1.

with regard to [appellant's] motion to withdraw his guilty plea. At this hearing, [appellant] stated that he did not want to withdraw his guilty plea and asked the court to deny his motion to withdraw the plea (N.T. 1/24/2011, p. 4-5). On September 20, 2011, [appellant] was sentenced to the negotiated sentence of 4 to 8 years['] state incarceration.

On October 18, 2011, [appellant] filed a notice of appeal to Superior Court. On November 21, 2011, [appellant] filed a praecipe to discontinue appeal, which was subsequently granted on November 29, 2011. On September 4, 2012, [appellant] filed his first *pro se* PCRA petition and motion for DNA testing. However, on October 15, 2012, [appellant] filed a motion to withdraw his request for DNA testing. On January 29, 2013, [appellant] filed a motion to withdraw his PCRA. As a result, his *pro se* PCRA petition was withdrawn that day.

On October 27, 2017, [appellant] filed his second *pro se* PCRA petition. In his petition, [appellant] argued that trial counsel was ineffective for not pursuing a pre-trial motion to prevent the Commonwealth's witness from testifying and for inducing [appellant's] guilty plea. [Appellant] further averred that appellate counsel was also ineffective for obstructing his right to appeal and that the Commonwealth violated his constitutional rights by proceeding with a witness with an alleged known mental disorder.

On November 7, 2017, George S. Yacoubian, Jr., Esquire, was appointed as PCRA counsel. On January 12, 2018, Mr. Yacoubian filed a letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 ([Pa.Super.] 1988), stating that the issues raised by [appellant] in his *pro se* petition were untimely and without merit and that there were no other meritorious issues that could be raised in an amended petition. On[] March 20, 2018, this Court sent [appellant] a [Pa.R.Crim.P.] 907 Notice, indicating that his petition would be dismissed based upon Counsel's *Finley* letter. [Appellant] filed a reply to

> the [Rule] 907 Notice on April 3, 2018 repeating the same claims asserted in his *pro se* petition. On April 17, 2018, after independent review of [appellant's] *pro se* petition, PCRA Counsel's *Finley* letter and [appellant's] reply to the [Rule] 907 notice, this Court dismissed [appellant's] petition without a hearing based upon Counsel's *Finley* letter and untimeliness. On May 16, 2018, [appellant] appealed the dismissal of his PCRA petition to the Superior Court.[2]

PCRA court opinion, 9/5/18 at 1-3.

Appellant raises the following issues for our review:

> 1. Whether the PCRA court improperly [and] unlawfully dismissed appel[l]ant's petition as untimely and without merit[?]
>
> 2. Whether the PCRA court improperly [and] unlawfully addressed the merits of appellant's petition to this court[?]
>
> 3. Whether the appellant can establish any one of the prongs of the ineffectiveness test[?]

Appellant's brief at 2-4 (full capitalization omitted).[3]

In order to be timely filed, a PCRA petition, including second and subsequent petitions, must be filed within one year of when an appellant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final on the date the direct appeal is discontinued

---

[2] We note that the PCRA court did not order appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court did, however, file an opinion.

[3] We note that appellant's brief fails to comply with Pa.R.A.P. 2111 overall; and specifically, he failed to include a "[s]tatement of questions involved" in violation of Rule 2111(a)(4).

voluntarily. *See Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa.Super. 2008), citing *Commonwealth v. Conway*, 706 A.2d 1243 (Pa.Super. 1997) (judgment of sentence final for PCRA purposes when appeal is discontinued voluntarily). The Supreme Court of Pennsylvania has held that the PCRA's time restriction is constitutionally sound. *See Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. *See Commonwealth v. Callahan*, 101 A.3d 118, 120-121 (Pa.Super. 2014); *see also Commonwealth v. Wharton*, 886 A.2d 1120 (Pa. 2005).

Here, appellant's judgment of sentence became final on November 29, 2011, the date the direct appeal was discontinued at appellant's request. *See McKeever*, 947 A.2d at 785. Appellant's PCRA petition was filed October 27, 2017, almost six years after the judgment of sentence became final. Appellant's PCRA petition is, therefore, patently untimely. As a result, the PCRA court lacked jurisdiction to review the petition unless appellant pleaded and proved one of the statutory exceptions to the PCRA time-bar.

The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa.Super. 2012), citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii). The appellant bears the burden

of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1); *see also Wharton*, 886 A.2d at 1126 (citation omitted). If appellant fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition or provide relief. *See Commonwealth v. Spotz*, 171 A.3d 675, 676 (Pa. 2017).

Here, appellant advances no claim that a jurisdictional time-bar exception applies. Rather, he claims that his sentence is illegal because he was "fraudulently and unlawfully induced into a plea-contract." (Appellant's brief at 7.) It is well settled, however, that "even claims that a sentence was illegal, an issue deemed incapable of being waived, are not beyond the jurisdictional time restrictions." *Commonwealth v. Grafton*, 928 A.2d 1112, 1114 (Pa.Super. 2007), citing *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999); *Commonwealth v. Beck*, 848 A.2d 987 (Pa.Super. 2004). Consequently, appellant's illegal sentencing claim does not operate as an independent exception to the PCRA's jurisdictional time-bar.

Therefore, the PCRA court lacked jurisdiction to review appellant's petition, and we may not review the petition on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>5/16/19</u>