**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHRISTOPHER LUCIANO, | : | No. 1709 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, June 5, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0014229-2010

BEFORE:  BOWES, J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 07, 2019**

Christopher Luciano appeals from the June 5, 2018 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  After careful review, we affirm.

The relevant facts and procedural history of this case were summarized at length in the PCRA court opinion and need not be reiterated here.  (**See** PCRA court opinion, 8/8/18 at 1-4.)  In sum, appellant, a former Philadelphia police officer, pled guilty on April 5, 2011 to robbery, kidnapping for ransom, criminal conspiracy, official oppression, and possession with intent to deliver a controlled substance ("PWID"),[1] after he conspired with a drug dealer to rob

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 2901(a)(1), 903, 5301(1), and 35 P.S. 780-113(a)(30), respectively.

several drug couriers. On June 15, 2011, the trial court sentenced appellant to an aggregate term of ten years' imprisonment, followed by a consecutive term of seven years' probation. Appellant did not file a direct appeal. On August 13, 2015, appellant filed a *pro se* PCRA petition and Darryl A. Irwin, Esq. ("PCRA counsel"), was appointed to represent him. PCRA counsel filed an amended PCRA petition on appellant's behalf on July 19, 2017, and a second amended petition on January 24, 2018. On February 28, 2018, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907. Appellant did not file a response to the PCRA court's Rule 907 notice. Thereafter, on June 5, 2018, the PCRA court dismissed appellant's petition. This timely appeal followed on June 8, 2018.[2]

Appellant raises the following issues for our review:

> [I.] Was the sentence excessive, more than what was needed to protect the public and rehabilitate [a]ppellant, was greater than the sentence of a more culpable co-defendant, the sentence was illegal, and that [a]ppellant did not receive proper notice that the Commonwealth was pursuing the gun/PWID mandatory minimum, and therefor [a]ppellant did not enter his guilty plea voluntarily, knowingly nor intelligently?

---

[2] On June 13, 2018, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. Appellant filed a timely Rule 1925(b) statement on July 2, 2018, and the PCRA court filed its Rule 1925(a) opinion on August 8, 2018.

> [II.] Did the [PCRA] Court err in dismissing as untimely [a]ppellant's [PCRA] Petition, as [a]ppellant contends that his [PCRA] Petition satisfied the time bar exception as provided under 42 Pa.C.S.[A.] 9545(b)(iii)?

Appellant's brief at 5 (footnote omitted).

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

When the PCRA court denies a petition without an evidentiary hearing, as is the case here, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." *Commonwealth v. Khalifah*, 852 A.2d 1238, 1240 (Pa.Super. 2004). There is no absolute right to an evidentiary hearing. *Commonwealth v. Hart*, 911 A.2d 939, 941 (Pa.Super. 2006) (citation omitted). "It is within the PCRA

court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa.Super. 2012) (citations omitted).

Preliminarily, we must consider the timeliness of appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). If a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 120-121 (Pa.Super. 2014).

Here, the record reveals that appellant's judgment of sentence became final on July 15, 2011, 30 days after the trial court sentenced him and the deadline for filing a direct appeal with this court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a) (stating, "the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."). Accordingly, appellant had until July 15, 2012 to file a timely PCRA petition. ***See*** 42 Pa.C.S.A.

§ 9545(b)(1). Appellant's instant petition was filed on August 13, 2015, more than three years past the deadline, and is patently untimely, unless appellant can plead and prove that one of the three statutory exceptions to the one-year jurisdictional time-bar applies.

The three statutory exceptions to the PCRA time-bar are as follows:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Instantly, appellant invokes the "newly recognized constitutional right" exception set forth in Section 9545(b)(1)(iii) and argues, *inter alia*, that his mandatory minimum sentence is illegal in light of ***Alleyne v. United States***, 570 U.S. 99 (2013), and ***Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015). (***See*** second amended PCRA petition, 1/24/18 at ¶ 4a and accompanying "Memorandum of Law," § II; appellant's brief at 19-22.)

In **Alleyne**, the Supreme Court of the United States held that the Sixth Amendment requires that, "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 570 U.S. at 102-103 (citation omitted). Thereafter, in **Hopkins**, a panel of this court held that 18 Pa.C.S.A. § 6317(a), requiring the imposition of a mandatory minimum sentence if certain drug crimes occur within 1,000 feet of a school, is unconstitutional under **Alleyne**. **Hopkins**, 117 A.3d at 262.

Upon review, we find that appellant's claim is meritless. This court has long recognized that "even claims that a sentence was illegal, an issue deemed incapable of being waived, are not beyond the jurisdictional time restrictions." **Commonwealth v. Grafton**, 928 A.2d 1112, 1114 (Pa.Super. 2007), citing **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). Therefore, appellant's illegal sentencing claim does not operate as an independent exception to the PCRA's jurisdictional time-bar. Appellant's reliance on **Alleyne** and **Hopkins** is of no avail because the constitutional rights examined in those cases have not been held to apply retroactively to collateral attacks on mandatory minimum sentences advanced in post-conviction relief proceedings. On the contrary, the courts in this Commonwealth have expressly rejected the notion that **Alleyne** applies retroactively to cases on collateral review. **See Commonwealth v. Washington**, 142 A.3d 810, 814-815 (Pa. 2016) (holding that the **Alleyne** decision does not apply

retroactively to collateral attacks upon mandatory minimum sentences advanced in PCRA proceedings); ***Commonwealth v. Riggle***, 119 A.3d 1058, 1064 (Pa.Super. 2015) (stating that, "while this Court has held that ***Alleyne*** applies retroactively on direct appeal, we have declined to construe that decision as applying retroactively to cases during PCRA review"). Likewise, the derivative cases applying ***Alleyne*** have also been held not to be retroactive. ***See Commonwealth v. Whitehawk***, 146 A.3d 266, 271 (Pa.Super. 2016) (holding that ***Hopkins*** did not announce a rule to be applied retroactively to PCRA petitioners). Accordingly, appellant has failed to satisfy the newly recognized constitutional right exception to the PCRA time-bar. ***See*** 42 Pa.C.S.A. §9545(b)(1)(iii).

Furthermore, none of appellant's remaining claims on appeal — (i) that his sentence was in excess of that necessary to protect the public and rehabilitate him; (ii) that his sentence was illegal because it was greater than that of his co-defendant; and (iii) that his guilty plea was not knowingly, voluntarily, or intelligently entered into because the Commonwealth failed to inform him of its intention to seek a mandatory minimum sentence — properly invoke any of the three statutory exceptions to the PCRA time-bar. (***See*** appellant's brief at 14-19.) Accordingly, we cannot consider the merits of appellant's claims.

Based on the foregoing, we discern no error on the part of the PCRA court in dismissing appellant's untimely petition without conducting an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/19